The Louisville, New Albany and Chicago Railroad Co. v. Wunderlich.

———————

No. 9694.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILROAD CO. v. WUNDERLICH.

SUPREME COURT.—*Exception.*—*Harmless Ruling.*—Where an exception was sustained but not insisted upon in the trial court, and the party secured all the right he was entitled to, this irregularity is not sufficient ground for reversal.

SAME.—*Evidence.*—*New Trial.*—A party complaining of the admission of evidence must state his objections to the trial court, and except to the rulings adverse to him; and if he desires to present a question thereon in the Supreme Court, he must assign such rulings as cause for a new trial, and point out with reasonable certainty the evidence complained of.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*S. K. Wolfe* and *J. V. Kelso,* for appellee.

ELLIOTT, C. J.—This was a proceeding by the appellant under the statute authorizing the seizure and condemnation of lands for railroad purposes.

An exception was filed by the appellee, alleging that the appraisers were not appointed by the court in session, nor by the judge in vacation. The appellant moved to strike out this exception; this motion was overruled. We do not find it necessary to consider or decide the question presented by this ruling, for the record shows that the appellant was not injured by it. The exception was not insisted upon, and the question at issue between the parties as to the value of the land seized was submitted to a jury. No harm resulted, and there is nothing of which to complain. The utmost that the appellant could have obtained if the motion to strike out had prevailed, it did secure. If, on the contrary, the exception had been sustained, the appellant would have been defeated. All that the appellant could, by any possibility, have been entitled to, was awarded, namely, a trial of the question of the value of the land appropriated. Where a party secures all the right to which he is entitled, a mere irregularity will not be sufficient ground for reversal.

It is argued that the court erred in admitting evidence. There are two unanswerable reasons why this argument can not prevail: First. A party complaining of the admission of evidence must state his objections to the trial court, and except to the rulings adverse to him. The appellant neither stated objections, nor reserved exceptions. Second. Where a party desires to present a question upon a ruling admitting evidence, he must assign such ruling as a cause for a new trial, and point out, with reasonable certainty, the evidence alleged to have been erroneously admitted. The admission of evidence is not assigned as a cause for a new trial.

We can not disturb the verdict, upon the ground that the jury awarded the appellee a greater sum than he was entitled to recover. There is much conflict in the evidence as to the value of the land seized, but there is evidence fully sustain-

ing the conclusion reached by the jury. The question of value was one peculiarly and exclusively for the consideration of the jury, and it would violate settled rules to interfere with their verdict.

Judgment affirmed.