Stout *et al. v.* Curry.

No. 12,883.

STOUT ET AL. *v.* CURRY.

INJUNCTION.—*Tenants in Common.*—*Waste.*—One tenant in common may maintain a suit to enjoin a tenant in actual possession from committing waste, where the latter is insolvent.

PRACTICE.—*Exception to Form of Judgment.*—*Motion to Modify.*—A general exception is not sufficient to save any question as to the form of a decree; a motion to modify is essential.

From the Monroe Circuit Court.

*J. R. East* and *W. H. East*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

ELLIOTT, C. J.—The appellee alleges in his complaint, that he and Alexander M. Stout are the owners, as tenants in common, of the real estate involved in this controversy; that Alexander O. Stout is the owner of a life-estate in the land; that the chief value of the land is the growing timber upon it; that, if this timber is cut down, the land will be of little value; that the destruction of the timber will cause the appellee irreparable injury; that Alexander M. Stout, aside from his interest in the land, is insolvent; that the destruction of the timber would make that interest of very little value, and render Alexander M. Stout unable to respond in damages; that the appellants have cut down timber and are threatening to cut more, and will do so unless enjoined.    Prayer for an injunction and for damages.

The complaint states facts entitling the appellee to some relief, and it has long been settled that a complaint containing facts entitling the plaintiff to some relief will repel a demurrer.  *Bayless* v. *Glenn*, 72 Ind. 5.

In determining the question of the sufficiency of the complaint, it is enough to affirm that it states facts entitling the appellee to an injunction, for there can be no doubt that one tenant in common may maintain a suit to enjoin a tenant in actual possession from committing waste, in a case where

the tenant in possession is insolvent.   Freeman Cotenancy (2d ed.), section 324.

We can not reverse upon the evidence, for there is evidence fully tending to support the finding of the court.

The question as to the form of the decree is not properly saved, for, although there was a general exception, there was no motion to modify, and it is quite well settled that a motion to modify is essential in order to present such a question as that here attempted to be brought before us.

Judgment affirmed.

