The Queen Insurance Co. *v*. The Studebaker Bros. Manufacturing Co.

Filed Feb. 22, 1889.

------

No. 13,015.

## THE QUEEN INSURANCE COMPANY *v*. THE STUDEBAKER BROS. MANUFACTURING COMPANY.

SUPREME COURT.—*Assignment of Error.*—*Causes for New Trial.*—*Practice.*— Matters which are properly causes for a new trial, and which should be embraced in a motion therefor, can not be independently assigned as errors in the Supreme Court.

SAME.—*Form of Judgment.*—An objection to the form of a judgment can not be made for the first time in the Supreme Court.

SAME.—*Weight of Evidence.*—A judgment will not be reversed on the mere weight of the evidence.

NEW TRIAL.—*Admission and Exclusion of Evidence.*—*Practice.*—A cause for a new trial on account of the admission or exclusion of evidence, must specify the particular rulings complained of.

SAME.—*Assessment of Damages.*— *Waiver.*—A question as to the amount of damages assessed is waived if not assigned as cause for a new trial.

From the St. Joseph Circuit Court.

*T. Bates* and *A. L. Brick*, for appellant.

*A. Anderson* and *L. Hubbard*, for appellee.

OLDS, J.—This is an action on an insurance policy issued by the Queen Insurance Company, appellant, to the Studebaker Bros. Manufacturing Co., appellee, on the 17th day of December, 1884, whereby it insured appellee against loss or damage by fire on a certain lumber-yard to the amount of $2,000. There was other insurance on the lumber amounting to some $50,000.

On the 29th day of May, 1885, a large portion of the lumber was destroyed by fire. Appellee gave notice and made proof of the loss. Appellant failed to pay, and this suit was brought to recover the amount due upon the policy.

The complaint was in the usual form, and the appellant answered in three paragraphs : First, general denial. The second admits the policy of insurance and alleges that it is subject to the restrictions set forth in said policy, that " this policy shall be and become void in case the assured shall have made any false or fraudulent representations," and charging that the appellee was guilty of fraud, within the meaning and intent of said clause, by making false and fraudulent entries in its books of account, by which appellee's loss, as shown by said statements and books, was much greater than the actual loss sustained ; that when appellant applied to appellee for a true and exact statement of its loss and damage, appellee produced and exhibited to appellant the books containing said false and fraudulent entries, and claimed and declared to appellant that the books and accounts showed an exact and truthful account and statement of appellee's loss by said fire ; that appellee well knew said statements were fraudulent, and was, therefore, guilty of fraud within the true intent and meaning of the condition in the policy which provided that any fraudulent representation vitiated the policy. The third paragraph sets up and alleges that after the fire the appellee presented to appellant its proof of loss; that for the purpose of inducing appellant to pay appellee more than the actual loss sustained, it stated in the proofs that

the amount of its loss was $46,733.66, and that defendant's proportion of said loss amounted to $1,779.49 ; that appellee's loss did not amount to that sum, and that the prices fixed upon the lumber alleged to be destroyed were false and fraudulent.

Appellee filed reply to the answer. The cause was submitted to the court for trial, and there was a finding and judgment for the appellees in the sum of $1,660.

The appellant filed a motion for a new trial for the following reasons, as stated in the motion :

*First.* The court admitted on the trial improper evidence on the part of the plaintiff.

*Second.* The court refused to admit proper evidence offered by the defendant.

*Third.* On the trial the court improperly ruled upon the question of plaintiff's fraud before the defendant's evidence on that question had been concluded or fully heard.

*Fourth.* The verdict is contrary to the law and the evidence in the case.

There are ten errors assigned : First, error in overruling the motion for a new trial ; second, error in admitting improper evidence ; third, error in refusing to admit proper evidence ; fourth, error of the court in ruling upon the question of appellee's fraud before appellant had concluded its evidence on that question ; fifth, error in that the court's finding was contrary to law ; sixth, error in deciding the case contrary to the evidence ; seventh, error in the finding of the court on the question of fraud ; eighth, error in refusing to admit certain evidence ; ninth, error in entering judgment against appellant ; tenth, error in the order requiring the payment of money by appellant to the appellee.

The first assignment of error is proper ; the others are not, and present no question in this court. *Bolin* v. *Simmons,* 81 Ind. 92 ; *Wilson* v. *Root,* 43 Ind. 486 ; *Bellefontaine, etc., R. W. Co.* v. *Reed,* 33 Ind. 476 ; *Tyner* v. *Adams,* 34 Ind. 401 ;

*Louisville, etc., R. W. Co.* v. *Head,* 80 Ind. 117 ; *Bake* v. *Smiley,* 84 Ind. 212 ; *Hutts* v. *Shoaf,* 88 Ind. 395.

Objection to the form of a judgment can not be made for the first time in this court. It must be properly presented to the court below, and a ruling of that court taken and exceptions properly reserved and presented to this court. *Stephenson* v. *Ballard,* 82 Ind. 87 ; *Benefiel* v. *Aughe,* 93 Ind. 401 ; *Terry* v. *Shively,* 93 Ind. 413 ; *Becknell* v. *Becknell,* 110 Ind. 42 ; *Stout* v. *Curry,* 110 Ind. 514.

The first and second reasons stated in the motion for a new trial are too indefinite to present any question.

In the case of *Elliott* v. *Russell,* 92 Ind. 526, this court says : " It has been many times ruled by this court, that a cause for a new trial on account of the admission or exclusion of evidence must be so definite that the opposite counsel, the court below, and this court may know of the evidence admitted or excluded, without searching through the record, and conjecturing as to what is complained of." And numerous authorities are cited in support of this rule. See, also, *Louisville, etc., R. R. Co.* v. *Wunderlich,* 81 Ind. 105.

The third cause stated in the motion for a new trial is in the nature of a complaint against the judge trying the case for stating his views in regard to the purpose and effect of certain testimony being introduced upon the trial. No objection was made or exceptions taken at the time, and no question is presented for this court to pass upon. We have looked into the record and read the statement made by the judge, of which counsel so seriously complain, and find that while appellant's witness was upon the witness-stand, and being examined by counsel for appellant, an' objection was made to a question propounded to the witness. The court overruled the objection, and, upon doing so, made a statement as to the theory of the admissibility and effect of the evidence. The court used no improper language, nor pre-judged the case, nor criticised either parties or witnesses, but, in a general way, stated the views of the court as to the competency, pur-

pose and effect of the evidence. When this was done the examination of the witness proceeded, and other witnesses were examined. There was nothing improper in the conduct of the court trying the cause.

Waiving the informality of the fourth cause assigned for a new trial, it presents the question of the sufficiency of the evidence to sustain the finding and decision of the court.

It has been so often decided that this court will not weigh the evidence, and will not reverse a case on the mere weight of the evidence, that it is unnecessary to cite authority in support of this statement of the law.

We have carefully examined the evidence, and it fairly supports the findings and decision of the court.

Counsel for appellant claim, and have argued at length, that the damages assessed are too large. This was not assigned as a cause for a new trial, and is waived. *Millikan* v. *Patterson*, 91 Ind. 515; *Floyd* v. *Maddux*, 68 Ind. 124.

There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 22, 1889.