Hormann *et al. v.* Hartmetz.

Filed May 23, 1891.

---

No. 15,128.

## HORMANN ET AL. *v.* HARTMETZ.

MORTGAGE.—*Payment of Prior Encumbrance.—Tender.*—Where a husband and wife executed a mortgage on certain real estate, to secure a loan, and a portion of the money borrowed was applied to the payment of prior encumbrances on the mortgaged premises, they can not defeat the enforcement of the mortgage, though a part of the mortgage debt is not enforceable, when there has been no return or tender of the amount paid to discharge the prior encumbrances.

PRACTICE.—*Demurrer.—Sustaining of.— When Not Available Error.—Complaint.*—Where a demurrer is sustained to one paragraph of a complaint, and additional paragraphs are subsequently filed, alleging substantially the same facts, and requiring no more evidence than the one held bad, the ruling on the demurrer is not available. *Summers* v. *Tarney*, 123 Ind. 560, distinguished.

SAME.—*Bill of Exceptions.— What Record Must Show as to Filing.*—Unless the record affirmatively shows that a bill of exceptions has been filed, there is no bill in the record. Section 629, R. S. 1881.

SAME.—*Bill of Exceptions.—Date of Presentation.—Must Appear in Bill.*—The date of the presentation of a bill of exceptions must be stated in the bill itself. It is not sufficient to endorse the time upon the bill.

SAME.—*Appeal—Objections to a Judgment, or Decree.— When Must be First Made.*—Objections to a judgment, or decree, can not be successfully made, for the first time, on appeal. Specific objections must be pre-

sented to the trial court, and so presented as to direct attention to the defects, or errors, and enable the trial court to review them, and, if need be, to correct them.

From the Vanderburgh Circuit Court.

*C. B. Harris* and *J. T. Walker*, for appellants.

*S. R. Hornbrook*, for appellee.

ELLIOTT, J.—A demurrer was sustained to the third paragraph of the appellants' complaint, and upon this ruling is based one of the specifications of error. But as the appellants subsequently filed additional paragraphs, alleging substantially the same facts as those pleaded in the paragraph held bad, and requiring no more evidence to support them, the error, if it was one, was harmless. Where a demurrer is sustained to one paragraph of a complaint, and additional paragraphs are subsequently filed, alleging substantially the same facts, and requiring no more evidence than the one held bad, the ruling on the demurrer is not available. *Hunter* v. *Pfeiffer*, 108 Ind. 197, and cases cited. We do not mean to trench upon the long established rule that a plaintiff may state his cause of action in different forms, nor do we do so, for we hold that where there is an amendment the amended pleading is superseded, and that where the paragraphs which remain entitle the plaintiff to give the same evidence as that admissible under the paragraph adjudged bad, and require no greater evidence, an erroneous ruling on the demurrer is not a prejudicial error. *Long* v. *Williams*, 74 Ind. 115 ; *City of Elkhart* v. *Wickwire*, 87 Ind. 77. Where, however, a paragraph of a complaint is erroneously adjudged insufficient, and others are held good, the error is not harmless if the paragraphs allowed to stand are substantially different from that held bad, or if those held good impose upon the plaintiff the burden of adducing stronger or greater evidence than would be necessary under the paragraph condemned. If, in other words, the effect of the ruling on demurrer is to make it necessary to introduce more or greater evidence, or to ex-

clude competent evidence, the error may be prejudicial, but it is otherwise where the ruling on demurrer does not have the effect either to abridge the right of the plaintiff or to increase his burden.

The decision in *Summers* v. *Tarney*, 123 Ind. 560, does not, when justly interpreted, declare any doctrine opposed to our conclusion, for all that is there decided is that where two paragraphs of a complaint allege the same facts, it is not prejudicial error to overrule a demurrer to one of them. That case can not, however, be construed as asserting that a defendant would not be prejudiced if a bad paragraph was held good where such a ruling would enable the plaintiff to recover upon insufficient evidence. The principle involved in such a case is the same as that involved in such cases as *Messick* v. *Midland R. W. Co., ante,* p. 81, and *Over* v. *Shannon,* 75 Ind. 352.

In a case where a demurrer to one paragraph is overruled and there is another paragraph stating the same facts as the paragraph assailed, but stating additional facts, it would be prejudicial error to hold the assailed paragraph sufficient, if, in fact, it is bad on demurrer. If, to somewhat vary the statement, a complaint contains two paragraphs, and one of them states only a part of the facts essential to a recovery, and the other states the same facts, but also states the other facts essential to a cause of action, it would not be a harmless error to overrule a demurrer to the paragraph stating part only of the facts essential to the existence of a right of action. Of course, other parts of the record might show a ruling in such a case to be harmless, but unless other parts of the record should show this, the error could not be regarded as a harmless one. Many cases affirm this doctrine, but we do not deem it necessary to cite them.

The facts, as they appear in the special finding, are, in substance, these : The plaintiffs, here the appellants, are husband and wife, and have been since the year 1875. Prior to August 22d, 1885, Hiram E. Read' owned the real estate in-

volved in the controversy, and on that day he conveyed it to the plaintiffs jointly. About the time of the purchase of the real estate the husband contracted for the erection of·a dwelling-house thereon, for which he agreed to pay, and did pay, six hundred dollars. In November, 1884, the plaintiffs executed a mortgage to August Matt, and obtained from him three hundred and fifty dollars, which was used in paying for the house erected on.the land of the plaintiffs. On the 26th day of February, 1885, the plaintiffs executed to the Franklin Building Association a mortgage to secure a loan of three hundred and ninety dollars, and they represented to the officers of the association that the money was to be used in discharging liens upon the property, and for improving it. On these representations the association relied. Of the money borrowed from the association, the sum of three hundred and fifty-five dollars was used to pay the mortgage executed to August Matt; the sum of ten dollars was used to pay expenses incurred in securing the loan, and there is no evidence as to the use made of the residue. On the 6th day of August, 1885, the plaintiffs conveyed the property to Herman Thole without consideration, and on the same day obtained from the building association another loan, and executed a mortgage for one hundred and thirty dollars. The association knew that the money obtained was to be used by the husband in his own business, and the money was so used. On the 28th day of April, 1886, the husband obtained from one Klein a loan of two hundred dollars, for which a mortgage was executed by the husband and wife. On the 29th day of July, 1887, the plaintiffs joined in a mortgage to Solomon Bartholme for four hundred dollars, and the husband represented to Bartholme that Thole had re-conveyed to him and his wife, but this representation was not true. In June, 1887, the husband applied to Hartmetz, the appellee, for a loan, representing that he was the owner of the property ; that he was about to engage in the saloon business, and would need more capital than he had. Hartmetz acceded to the hus-

band's request, and loaned him one hundred dollars, and agreed to lend him additional sums from time to time. Subsequently the husband obtained divers sums of money, aggregating three hundred and ten dollars. The appellants, after obtaining the loan from the appellee, informed him that the property was encumbered by prior mortgages, and of their desire to have him pay the encumbrances, and requested him to pay the encumbrances and take a mortgage. To this request the appellee acceded. Pursuant to the agreement the appellee did pay the prior encumbrances, amounting in the aggregate to five hundred and sixty dollars. The appellants executed the mortgage involved in this suit to secure the appellee the amount paid by him in discharging prior encumbrances and the loan made to the husband. During the course of the negotiations the appellants represented to the appellees that they jointly owned the mortgaged property, and at the time of executing the mortgage they conveyed it to Peter Aschoff as trustee, who immediately re-conveyed to the husband, Herman Hormann. The promissory note evidencing the amount due the appellee was executed by the husband alone. The real estate was bought with the husband's money.

On the facts thus found the court declared, as a conclusion of law, that the appellants were not entitled to a decree cancelling the mortgage executed by them to the appellee.

There was no error in the conclusion of law stated by the court. If it were conceded that part of the sum secured by the mortgage executed by the appellants to the appellee was not enforceable against the mortgagors, still the suit to cancel the mortgage must fail, for the appellants can not have equity without doing equity. Equity requires that there should at least be a payment or tender of the amount paid to discharge prior encumbrances. This proposition is too plain to justify elaboration.

The appellee contends that, as the record does not show the filing of a bill of exceptions, there is no bill in the record.

The contention that the bill must be filed, and that the record should show its filing, must prevail. The statute expressly requires that the bill shall be filed. Section 629, R. S. 1881. Until filed it is not part of the record, and unless the filing is affirmatively shown by the proper record, there is no evidence of the fact upon which the appellate tribunal can act. *Pratt* v. *Allen,* 95 Ind. 404; *Loy* v. *Loy,* 90 Ind. 404; *Hull* v. *Louth,* 109 Ind. 315; *Hessian* v. *State,* 116 Ind. 58.

Another objection urged by the appellee is that the date of the presentation of the bill of exceptions does not appear in the bill, but appears by endorsement. The statute requires that the time of presenting the bill shall be stated in the bill itself, and under this provision its has been repeatedly held that it is not sufficient to endorse the time upon the bill. *McCoy* v. *State, ex rel.,* 121 Ind. 160; *Buchart* v. *Burger,* 115 Ind. 123; *Orton* v. *Tilden,* 110 Ind. 131.

As there is some confusion in the record regarding the filing of the bill of exceptions, we have examined the evidence, and find that it fully supports the judgment of the trial court.

Objections to a judgment, or decree, can not be successfully made, for the first time, on appeal. The groundwork must invariably be laid in the trial court by specific objections presented by a motion to modify, or in some other appropriate method. It is a principle of procedure, of wide sweep, that specific objections must be presented to the trial court, and so presented as to direct attention to the defects, or errors, and enable the trial court to review them, and, if need be, to correct them. *Ludlow* v. *Walker,* 67 Ind. 353; *Merritt* v. *Pearson,* 76 Ind. 44; *Scotton* v. *Mann,* 89 Ind. 404; *Stout* v. *Curry,* 110 Ind. 514; *Benefiel* v. *Aughe,* 93 Ind. 401; *City of Greenfield* v. *State, ex rel.,* 113 Ind. 597; *Buchanan* v. *Berkshire, etc., Ins. Co.,* 96 Ind. 510; *Mansfield* v. *Shipp, ante,* p. 55.

Judgment affirmed.

Filed May 23, 1891.