Filed Feb. 20, 1895.

———◇———

No. 17,124.

SMITH *v.* WOOD.

SUPREME COURT PRACTICE.—*General Exception to Judgment.—Weight of Evidence.—New Trial.*—Where the assignment of error in the Supreme Court presents but a general exception to the judgment of the trial court, no inquiry into the weight of the evidence can be made, for the basis of such inquiry must be a motion for a new trial.

From the Marion Superior Court.

*W. N. Pickerill*, for appellant.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellee.

HACKNEY, J.—The above named appellant and appellee had engaged in business as partners and a receiver had been appointed for the firm by the Marion Superior Court in a suit entitled as above. Pending the receivership a claim for $10,151.20 was allowed by said court in favor of the Capital National Bank as a preferred claim and upon the presumption that the same was secured by chattel mortgage. Later, and during the pendency of said receivership, Rheitman & Schulte, general creditors of said firm, holding a claim for $5,001.86, filed in said entitled cause in said court an intervening petition setting up certain facts upon which they claimed that the chattel mortgage to the Capital National Bank was executed prior to the date shown upon its face, and that it

had not been recorded within ten days of the true date of its execution, and was, therefore, void as to other creditors and entitled to no preference.

Motions and demurrers were addressed to said petition, which were overruled and a trial had upon the issue tendered by said petition, which trial resulted in a finding and judgment in favor of the Capital National Bank, that said chattel mortgage was duly and validly executed on the day of its date and constituted a preference in favor of said bank. To said finding and judgment, said Rheitman & Schulte and said receiver excepted, and sixty days were given to file bills of exceptions. Within the time allowed a bill of exceptions was filed making the evidence a part of the record.

From this judgment of the Marion Superior Court, rendered in special term, said Rheitman & Schulte and said receiver appealed to the general term assigning as error in said court the action of the "special term in allowing the claim of the Capital National Bank in the sum of $10,151.20 as a preferred claim, and ordering the same paid out of the funds in the hands of the receiver."

The general term affirmed the judgment of the special term, from which affirmance this appeal is prosecuted by said Rheitman & Schulte and said receiver and the only error assigned is "the action of the superior court of Marion county, Indiana, in general term in affirming the judgment of the special term of said court upon the intervening petition of said Rheitman & Schulte."

Upon the argument of counsel for the appellants, we are asked to weigh the evidence and consider, in connection therewith, the implied admission of the Capital National Bank in its demurrer to the intervening petition and to conclude that the finding and judgment of the special term were erroneous and that they should have been reversed in general term.

It will be observed that the trial court had no opportunity upon motion for a new trial, motion to modify its judgment, or other proceeding, to correct its error if any had been committed. It will be observed also that the assignment of error made in this court presents but a general exception to the judgment of the trial court.

While the attack upon the validity of the mortgage, and upon the prior judgment allowing the claim of the Capital National Bank was informal, and by a petition filed in the cause in which the receiver was appointed, we know of no rule of practice under which the general assignment of error made in this court can be justified.

In *Hormann* v. *Hartmetz*, 128 Ind. 353, it was said: "Objections to a judgment, or decree, can not be successfully made, for the first time, on appeal. The ground work must invariably be laid in the trial court by specific objections presented by a motion to modify, or in some other appropriate method. It is a principle of procedure, of wide sweep, that specific objections must be presented to the trial court, and so presented as to direct attention to the defects, or errors, and enable the trial court to review them, and, if need be, to correct them." Many cases are cited in support of the conclusions stated, and many more might be cited. If the general assignment of error made in this case would permit an inquiry into the weight of the evidence, we are unable to observe why a motion for a new trial would even be necessary to bring in review questions upon the evidence or why any question that might be possible in a case could not be made by the general assignment that the trial court erred in its judgment.

There being no error in the record the judgment of the superior court in general term is affirmed.

Filed Jan. 31, 1895.