Jordan, C. J.
Action by the appellee against the Chicago & Calumet Terminal Railway Company, the Baltimore, Ohio, and Chicago Railroad Company and the Baltimore and Ohio Railroad Company, to enforce a certain contract for the sale of real estate for a right of way. After setting out the execution of the contract for the sale of said right by appellee to the first mentioned appellant, facts are alleged showing that the other appellants purchased this right of way of the Terminal Company and became liable for the performance of the contract set out in the complaint. Other facts are averred which disclose that the two Baltimore companies had incorporated the real estate into their railroad and were using the same as a right of way. The' relief demanded by the appellee in his complaint was a monéy judgment, and that a lien be declared upon the land in dispute to secure the payment of the same, etc. Under the issues joined in the action, a trial by the court resulted in a judgment for $5,219.00, and in adjudging a lien in favor of appellee, etc.. Appellants all appeal to this court, and the Baltimore, Ohio and Chicago Company and the Baltimore and Ohio Company have assigned, but two errors, to-wit: First, that the court erred in overruling the motion for a new trial; second, overruling objections to the form and substance of the decree. The reasons assigned in the motion for a new trial were that the finding of the court is contrary to law, and that its finding is also contrary to the evidence.
Counsel for appellee insist that we are forbidden *299 under a well settled rule of this court, to consider any of the evidence for the reason that it affimatively appears that all of the evidence given upon the trial is not in the record. Upon examination of what purports to be a bill of exceptions, it is disclosed that counsel are correct in their insistence. There are statements in this bill that a certain letter and other documents were introduced and read in evidence, but these do not appear therein. The uniform rule of this court is, that notwithstanding the statement in the bill, that it contains all of the evidence given in the cause, still, when it is affirmatively shown upon its face that such statement is not true, we cannot consider and decide any question which depends for its decision upon xne entire evidencé. This rule is firmly settled by numerous decisions of this court. Shimer v. Butler University, 87 Ind. 218; Collins v. Collins, 100 Ind. 266; Jennings, Gdn., v. Durham, 101 Ind. 391.
When a part of the evidence, documentary or otherwise, given in-the lower court, is omitted, it is manifest that this court upon appeal cannot intelligently or properly decide what bearing or effect, when considered in connection with the other evidence, ought to be given to the part omitted. Hence, in cases like the one at bar, where the finding of the court or verdict of the jury is assailed upon the ground that the same is contrary to the evidence, the rule .asserted applies with full force, and all the evidence must be incorporated into the record, otherwise we must presume in favor of the ruling of the lower court. See Johnson v. Wiley, 74 Ind. 233.
Upon other grounds it appears that none of the evidence is properly in the record. It is shown that the longhand manuscript of the official shorthand reporter who took down the evidence, and the bill of exceptions embracing the same, were filed on March 9, *300 1894, but in no manner does it affirmatively appear that the filing of the longhand manuscript of the evidence was, in point of time, antecedent to its being incorporated into the bill of exceptions as required by the statute. That this is essential is settled by the decisions of this court. See Manley v. Felty, 146 Ind. 194, and cases there cited; Rogers v. Eich, 146 Ind. 235; Reid v. Houston, 49 Ind. 181. Under the holding in these cases, no part of the evidence can be considered as legitimately in the record, and, therefore, we are precluded from reviewing any of the questions arising out of the action of the court in denying appellant’s motion for a new trial. We may properly suggest that in the event the longhand manuscript is filed on the same day that the bill of exceptions containing the evidence is filed, that the clerk of the lower court should exercise care to show by his certificate, or a recital in the record, that the longhand manuscript of the evidence was filed in his office on said day, prior to its being incorporated in the bill of exceptions by the signature of the judge.
Counsel for appellants, under the second assignment of error, seek to assail the form and substance of the decree. After the court had rendered its judgment or decree in the cause, it appears that the appellants, the Baltimore, Ohio and Chicago Railroad Company and the Baltimore and Ohio Railroad Company, filed their objections to the form and substance of the decree. These objections were: that the court had no power under the issues to declare and foreclose any lien against the railroad property, and no power “to fix any right of action by its decree in the plaintiff or any one else.” These were the only objections made to the judgment. There was no motion made to modify, or in any way correct the form or substance of the judgment, by requesting the court to eliminate or cor *301 rect in any way, that part of the decree which appellants claim was not authorized under the issues. The proper mode of objecting to a judgment, after its rendition, as recognized, approved and held essential by many decisions of this court, is by a motion to modify it; pointing out in the motion the particular corrections or changes which the moving party desires the trial court to make. Western Union Tel. Co. v. State, 146 Ind. 54.
In Stout v. Curry, 110 Ind. 514, it is said: “The question as to the form of the decree is not properly saved, for, although there was a general exception, there was no motion to modify, and it is quite well settled that a motion to modify is essential in order to present such a question.” See, also, Terry v. Shively, 93 Ind. 413; Queen, Ins. Co. v. Studebaker, etc., Mfg. Co., 117 Ind. 416; Bristow, Admr., v. McClelland, Admr., 122 Ind. 64; People’s, etc., Association v. Spears, 115 Ind. 297; Berkeley, etc., Furniture Co. v. Hascall, 123 Ind. 502; Hormann v. Hartmetz, 128 Ind. 353; Wood v. Hughes, 138 Ind. 179; Tewksbury v. Howard, 138 Ind. 103; Stalcup v. Dixon, 136 Ind. 9.
Appellants having failed to file a motion to modify or correct that part of the decree which they contend was not warranted, no question is properly presented in this respect for the decision of this court. We may, however, say that we are satisfied that the relief awarded to appellee by the court was consistent with the facts alleged in the complaint, and that appellants’ learned counsel are mistaken in their insistence that the court, by its decree, attempted to “fix a right of action” in the appellee or any other person.
An examination of its provisions does not sustain this contention.
There is no available error presented by the record and the judgment is affirmed.