Thomas *v.* Felt.

---

THOMAS *v.* FELT ET AL.

[No. 2,595.    Filed December 13, 1898.]

NEW TRIAL.—*Special Judge.*—No error was committed in overruling a motion for a new trial on the ground that a special judge arbitrarily and without authority, set the cause for trial, over the objection of defendant, where no question was raised at the time as to the authority of the special judge, and defendant proceeded to trial before the regular judge without objection, where it is not shown that defendant was prejudiced by not having the trial postponed. *pp. 266-268.*

INSTRUCTIONS.— *Appeal and Error.— Assignment of Error. — New Trial.*—Where it is assigned as a cause in a motion for a new trial that the court erred in giving an entire series of instructions, the assignment will not be available on appeal if any of the instructions be not erroneous.   *pp. 268, 269.*

VERDICT.—*Motion to Make More Specific.—Practice.*—A motion to make the verdict more specific made after the jury has been discharged comes too late.   *pp. 269, 270.*

SAME.—*Motion to Make More Specific.—Practice.*—A motion to have the verdict made more specific without indicating in what respect it was desired to have the verdict modified is not sufficiently definite.   *pp. 269, 270.*

From the Elkhart Circuit Court.   *Affirmed.*

*Stonex & Black,* for appellant.

*State & Chamberlain,* for appellees.

BLACK, C. J.—This was an action brought by the appellee Felt against the appellant and the other appellees to recover possession and damages for detention of certain real estate, from the appellant, unlaw-

fully holding over after the determination of his tenancy under a lease which, upon the conveyance of the real estate to the appellee Felt, it was alleged in the complaint, had been assigned to him by his grantors, the other appellees. The case was in the court below upon appeal from the court of the city of Elkhart. The record does not otherwise show any pleadings filed, or proceedings taken, or decision made for or against said other appellees. The only judgment shown in the record is one in favor of the appellee Felt against the appellant for the recovery of possession, and damages for detention. Errors are assigned against the appellee Felt alone, and there does not appear, from the record, to have been any reason for joining the other appellees. The evidence is not in the record.

The appellant has assigned as error the overruling of his motion for a new trial. One of the causes assigned in the motion for a new trial was, "For error of Lou W. Vail in arbitrarily setting this cause for trial without authority." In the bill of exceptions relating to this matter it is stated that on the 25th day of June, 1897, the 29th judicial day of the May term, 1897, Hon. Lou W. Vail, who was acting as judge of the court below, set this cause for trial on the 7th day of July, 1897, the 39th judicial day of said term; he not being appointed to try this cause, and Hon. Henry D. Wilson being the sole judge of said court, and not being incapacitated to try said cause, and no change of venue having been taken from said sole judge, and it not being agreed by the parties that said Lou W. Vail should take any steps in said cause. To the setting of the cause for trial by said Lou W. Vail, it is stated in the bill, the appellant then and there by counsel, objected, which objection was by the court overruled, to which ruling the appellant then and

there excepted, "but no objections or exceptions were taken to said Vail acting as judge in said cause." The cause was tried by jury (Hon. Henry D. Wilson, said sole judge, presiding) on the day for which it was so set. The record does not show what ground of objection was stated to setting the cause for trial, or that any ground of objection was stated, but it does show that there was no objection or exception taken to the special judge acting as judge in this cause. It is shown that at the time set for the trial the appellant appeared in court, the regular judge presiding, and went to trial without any objection of any kind, and without any motion for continuance or postponement of the trial; but, after the trial thus entered upon without any objection (the regular judge presiding) had terminated unfavorably to the appellant, he asked the court to grant a new trial, suggesting for the first time that the special judge erred in arbitrarily setting the cause for trial without authority. If it should be admitted that the record shows the special judge's want of authority, and if the record had also shown an objection, based thereon, to his setting the cause for trial, still the question whether or not the cause should be tried at the time so fixed should have been presented to the judge before whom the cause was tried. If it was set for trial without authority, the court was not bound by the action of the special judge (*Fitch* v. *Citizens National Bank*, 97 Ind. 211, 214), and in the absence of any objection or motion for delay before the regular judge, we cannot conclude that he erred in proceeding with the trial of the cause, which had to be tried sometime, and why not at the time when it was tried, if there was no showing to the court that the appellant probably would be substantially prejudiced in some way unless the trial were postponed? It does not appear

that the cause was tried out of its proper order by reason of the act of the special judge, or that the appellant was in any way injured because of the trial being had at the appointed time, or that he would probably have been benefited by having the trial at some other time. The only possible effect of the act of the special judge upon the case was to cause it to be for trial at the time designated. If the appellant had any reason for not being required to go to trial at that time, he should have brought it to the attention of the court before the commencement of the trial. Notwithstanding all that is stated concerning the special judge in the bill of exceptions, he might have been serving under a valid appointment made in conformity with the statute, with authority to set the cause for trial. Want of authority of the special judge does not appear in the record, and it does not appear that his want of authority (the ground stated in the motion for a new trial) was suggested as an objection either to the special judge or to the regular judge. This would be sufficient reason for overruling such an objection made after the trial. See *Cox* v. *Stout*, 85 Ind. 422, 426; *Greenwood* v. *State*, 116 Ind. 485; *Lillie* v. *Trentman*, 130 Ind. 16; *Bowen* v. *Swander*, 121 Ind. 164; *Cargar* v. *Fee*, 119 Ind. 536.

Another cause was stated in the motion for a new trial thus: "For error of the court in giving to the jury the following instructions." Then follow the instructions of the court to the jury, being more than two typewritten pages, in paragraphs not numbered. In argument, counsel have criticised one of these paragraphs only. Where it is assigned as a cause in a motion for a new trial that the court erred in giving an entire series of instructions, the assignment will not be available on appeal, if any of the instructions be not erroneous; and where, as here, the instruc-

tions consist of a number of paragraphs or statements, not numbered, and the instructions collectively are thus attacked as erroneous in the motion for a new trial, such assignment in the motion will not avail on appeal, though some statement or paragraph be erroneous, if any portion of the instructions be not erroneous, and such assignment can only be maintained by showing that all the instructions are incorrect. *Ohio, etc., R. Co.* v. *McCartney*, 121 Ind. 385; *Mock* v. *City of Muncie*, 9 Ind. App. 536; *Lawrence* v. *Van Buskirk*, 140 Ind. 481; *Hoover* v. *Weesner*, 147 Ind. 510. It is not denied by counsel, and it is quite plain, that some portions of the instructions were properly given. We do not examine the paragraph condemned by counsel.

The appellant moved that the costs of appeal be taxed to the appellee Felt, and also moved to have the verdict made more specific. The appellant assigned as causes in his motion for a new trial the overruling of these motions, and, besides assigning here as error the overruling of the motion for a new trial, he has also assigned in this court each of the same rulings as an error. It appears by bill of exceptions that the appellant moved the court to tax the costs of appeal to the plaintiff, "for the reason that in the justice's court, or in the court of J. D. Arnold, from whose court this cause was appealed, the amount of recovery was $200, basing the recovery for the time up to the date of the judgment rendered in said justice's court, viz. April 23, 1897, and fixing the amount of recovery at $200, while the verdict of the jury in the Elkhart Circuit Court was returned on the 7th day of July, 1897, and only fixed the amount of the plaintiff's damages at $220." It does not appear from the record before us by whom the appeal to the circuit court was taken, and it is not even

stated in this motion to tax the costs. Nor does it, elsewhere than in this mere unsupported statement of the appellant in his motion, appear what was the judgment in the court from which the appeal was taken. Assuming that the appellant's statement in the motion was true, it would appear that the original judgment was increased, instead of diminished, on the appeal, and there is no showing in the record from which we can know how the amount of damages was arrived at in the court below. It is not made manifest that the court erred in overruling the motion to tax the costs to the plaintiff. Concerning the motion to have the verdict made more specific, it appears by the bill of exceptions that it was not made until after the discharge of the jury, and that the motion was simply "to have the verdict returned by the jury in said cause made more specific," without indicating in what respect it was desired to have the verdict modified. The motion was not made at a proper time and was not sufficiently definite.

The judgment of the appellee Felt against the appellant is affirmed, and the appeal is dismissed as to the other appellees.