## QUEEN COAL AND MINING COMPANY v. EPPLE.

[No. 9,058. Filed June 23, 1916. Rehearing denied December 12, 1916. Transfer denied April 5, 1917.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Verdict.—Answer to Interrogatories.*—In an action by a mine employe for injuries sustained when his hand was caught in the unguarded cogwheel on a pump, where the answers to special interrogatories, while contradictory to some extent, show that it was proper for one of plaintiff's age and experience, with knowledge of the unguarded cogwheels, to clean the machinery while in motion, that he was required to do so, that he did not know and appreciate the danger of his work, and that he suggested that the guard, which had become detached from the machine, be repaired and the foreman promised to have it done, such answers do not show that plaintiff was negligent and a motion for judgment on the interrogatories notwithstanding the general verdict for plaintiff was properly overruled. p. 242.

2. JUDGMENT.—*Motion to Modify.*—*Requisites.*—A motion to modify a judgment which does not indicate in what respect or to what extent it should be modified is insufficient to entitle the complaining party to any relief.  p. 244.

3. JUDGMENT.—*Motion to Vacate.*—*Requisites.*—*Statute.*—A motion to vacate and set aside a judgment for insufficiency of evidence and because it is contrary to law is improper, as the relief sought must be obtained under §585, cl. 6, Burns 1914, §559 R. S. 1889, through the medium of a motion for a new trial.  p. 244.

4. JUDGMENT.—*Action in Tort.*—*Error in Assessment of Recovery.*—Error in the assessment of the amount of recovery is not a proper ground for a motion for a new trial in a case sounding in tort.  p. 245.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Trial.*—*Interrogatory Requiring Jury to Itemize Damages.*—In an action by an infant for personal injuries, where the issues presented no claim for services from the time of the injury until plaintiff reached his majority and the assessment of such damages was not authorized by the instructions, an interrogatory asking the jury whether their verdict included anything for loss of time and earning capacity until plaintiff became twenty-one years of age, was improper both as being without the issues and because it asked the jury to itemize the amounts entering into a verdict in an action sounding in tort, and such interrogatory and the affirmative answer thereto must be treated as surplusage.  p. 245.

6. TRIAL.—*Verdict.*—*Damages.*—*Improper Elements.*—*Necessity of Objection.*—Where, in an action for personal injuries, the jury's answer to an improper interrogatory submitted by defendant disclosed that the verdict included an unauthorized element of damages, defendant waived the error, if any, by failure to move the court to have the jury reconsider the amount of damages awarded and to give special instructions to eliminate the improper element from the verdict.  p. 246.

7. DAMAGES:—*Personal Injuries.*—*Excessive Damages.*—A verdict for $5,000 reduced by a remittitur to $4,400 is not excessive for the loss of the left hand at the wrist by a boy seventeen years of age and earning $2.48 per day, where the evidence does not indicate that the jury was influenced by prejudice, partiality or corruption in determining the amount of the award.  p. 247.

8. APPEAL.—*Review.*—*Harmless Error.*—*Refusal to Withdraw Evidence.*—The refusal of the trial court to withdraw from the consideration of the jury evidence applicable to a paragraph of complaint which was dismissed is not reversible error,

Queen Coal, etc., Co. *v.* Epple—64 Ind. App. 235.

where such evidence was also admissible under another paragraph. p. 247.

9. APPEAL.—*Review.—Harmless Error.—Submission of Issues to Jury.*—The refusal of the trial court to withdraw a personal injury case from the jury upon the dismissal of one paragraph of complaint was proper where the court in its instructions limited recovery to the remaining paragraphs. p. 248.

10. TRIAL.—*Instructions.—Necessity of Requesting.*—Where the trial court, upon the dismissal of one paragraph of complaint, gave instructions limiting recovery to the remaining paragraphs and upon the subject of the application of the evidence thereto, and the instructions were correct as far as they went, defendant, if dissatisfied, should have requested more complete instructions. p. 249.

11. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Evidence.—Sufficiency.—Promise to Repair.*—In an action for personal injuries, the jury's finding that defendant promised plaintiff that he would repair the guard on the machine causing the injury is sustained by the evidence, in the absence of proof of an express promise, where the conduct and conversation of the parties are sufficient to warrant the inference drawn by the jury. p. 249.

12. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Statutes.*—In an action for personal injuries based on the Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), where the complaint alleges facts showing that the machinery causing the injury was unsafe because the cogwheels were not properly guarded and that it was practicable to guard the same as required by the Factory Act of 1899 (Acts 1899 p. 231, §8029 Burns 1914), the defense of assumption of risk is not available, so that in such action proof that the master promised to replace the guard was unnecessary to relieve the injured servant from assuming the risk incident to the unguarded cogwheels. p. 249.

13. APPEAL.—*Review.—Harmless Error.—Failure to Answer Special Interrogatories.*—The failure of the trial court to require the jury to answer interrogatories conditioned on an affirmative answer to a preceding interrogatory to which the jury answered "no evidence," was not prejudicial error. p. 250.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Julius A. Epple, by his next friend, Thomas B. Campbell, against the Queen Coal and Mining Com-

pany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James Bingham* and *Remster A. Bingham,* for appellant.

*Charles E. Henderson,* for appellee.

FELT, J.—This is an action for damages for personal injuries. The complaint was in four paragraphs, but at the conclusion of the evidence appellee dismissed the fourth paragraph. Issues were joined by general denial. A trial by jury resulted in a verdict for appellee in the sum of $5,000.

The errors assigned and not waived are, in substance, as follows: (1) Overruling appellant's motion for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict; (2) overruling appellant's motion for a new trial; (3) overruling appellant's motion to modify and vacate the judgment.

Each paragraph of the complaint alleges, in substance, the relation of master and servant between appellant and appellee and that appellee was seventeen years old at the time of his injury complained of and received $2.48 per day for his work; that appellant had in its mine an electric pump used to pump water out of the mine; that on this pump there were two cogwheels which meshed and over which there had originally been constructed a guard which made the place and the machine safe; that the set screw which held the guard in position broke, and the guard came off and remained off for about one week prior to appellee's injury; that the place and the machine were dangerous when the guard was off; that appellant knew of the danger long enough to have replaced the guard before appellee was injured; that it was appellee's duty to clean and oil the machinery, and while doing so in the usual and customary manner, by using waste provided by appellant for

that purpose, the waste which he held in his hand caught
in the unguarded cogs, whereby his left hand was drawn
into the meshes of the cogwheels and so injured that
it was necessary to amputate it at the wrist, which was
done shortly after the injury was received.

The first paragraph is drawn on the theory of the
duty of the master to furnish a safe place for the serv-
ant to work and suitable and safe tools and machinery
with which to do the work assigned; that appellee was
young, ignorant and inexperienced, and did not know
or comprehend the danger of working around said un-
guarded cogwheels; that appellant knew of the dangers
incident to the unguarded cogwheels and of appellee's
ignorance and inexperience, and negligently failed and
neglected to discharge its duty and to instruct appellee
in regard to his work and to warn him of the dangers
incident thereto; that it negligently ordered appellee
to start the pump and to clean and oil the machinery;
that such order was given by appellant's mine boss who
at the time had charge of the ways, works and machinery
of appellant in its mine and to whose orders appellee
was bound to conform and obey; that in obedience to
such order he started the pump and undertook to clean
and oil the machinery and while so doing was injured
in the manner aforesaid; that it was the custom in said
mine, long known and acquiesced in by appellant, to
clean and oil the machinery while in operation.

The second paragraph is substantially like the first,
but it also alleges that appellant was notified that the
aforesaid guard was off and that it thereupon promised
appellee to replace and repair the same; that appellee
relied upon such promise, and at appellant's request con-
tinued to work about and with said unguarded ma-
chinery; that appellant negligently failed to keep its
promise to replace said guard and the machinery re-

mained so unguarded for about one week and until appellee was injured.

The third paragraph contains the same general averments as the first and second and is based upon the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a et seq. Burns 1914). It alleges that, on September 17, 1912, and prior and subsequent thereto, appellant was a corporation under the laws of the State of Indiana and engaged in the business of mining and selling coal; that on said day it employed in its mine more than five men; that it had in its mine the pump and machinery aforesaid; that it was appellant's duty to furnish appellee a reasonably safe place in which to work and reasonably safe machinery and appliances with which to work; that it negligently violated said duty by permitting said guard to remain off and said cogwheels to be and remain unguarded; that by reason of said guard being off said cogwheels and machinery were unsafe, defective and dangerous; that said cogwheels could have been guarded without in anywise interfering with the free use and operation of said machinery and the purpose the same was intended to serve; that appellant knew of the unguarded cogwheels in time to have replaced the guard and make the place and machinery safe, but negligently failed so to do and negligently ordered appellee to work with, in and about the unguarded machinery, and while so doing in obedience to such orders he was injured.

The fourth paragraph which was dismissed proceeded on the theory of a statutory duty to guard the cogwheels which caused appellee's injury, and a failure so to do.

The answers of the jury to the interrogatories are, in substance, as follows: That prior to the injury appellee had no experience in operating the pump and machinery; that appellee knew the machinery was unguarded before he was injured, and when injured was

engaged in cleaning the machinery; that his injury was caused by the absence of the guard and by doing the work while the machinery was in operation; that appellee knew and appreciated that if his hand was caught in the meshes of the cogwheels he would be injured, but did not know and appreciate the danger of placing his left hand so close to the meshes of the cogwheels while in operation that the waste held in his hand would be caught in the cogwheels; that at the time of his injury he did not pay particular attention to ascertain whether the guard was over the wheels or how close the waste in his hand came to the cogs; that it was proper for one of appellee's age and experience with knowledge of the unguarded cogwheels to undertake to clean the machinery while in motion; that the machinery could have been as readily cleaned when not running as when in motion; that appellee's father was the mine boss and he was not ordered to clean the machinery while running; that appellee knew how to start and stop the machinery and he "was required to clean the machinery in its unguarded condition while it was running;" that the foreman required him to do so; that appellee suggested that the repairs be made and a promise was made to him by the foreman to repair the guard; that appellee suggested that the guard be repaired to prevent an accident; that appellee did not know and appreciate the danger of operating the machinery with the guard off; that the machinery could have been cleaned with safety while not in operation, but with some inconvenience.

Interrogatory No. 66 and the answer thereto are as follows: "If your verdict is for the plaintiff, do you include anything in your verdict for loss of time and earning capacity from the time the plaintiff received

his alleged injuries to the time he will become twenty-one years of age?    Ans.    Yes."

Appellant contends that the answers to the interrogatories show conclusively that appellee was guilty of negligence that contributed to his injury in this:

1.    that he knew the guard was off and was experienced in the work he was doing and could have stopped the pump and thereby could have cleaned and oiled the machinery in absolute safety.

The answers do not support this contention but are quite conclusive to the contrary.    They show that it was proper for one of appellee's age and experience, with knowledge of the unguarded cogwheels, to clean the machinery while in motion; that he was required to do so; that he did not know and appreciate the danger of his work; that he suggested that the guard be repaired and the foreman promised to have it done. While there is some contradiction in the answers, they fall far short of showing that an ordinarily prudent person of appellee's age and experience in the exercise of ordinary care for his own safety, under the circumstances of this case, would not have undertaken to clean and oil the machinery while in motion as appellee was doing when injured.    The court therefore did not err in overruling the motion for judgment on the answers to the interrogatories.    *Jenney Electric Mfg. Co.* v. *Flannery* (1912), 53 Ind. App. 397, 408, 98 N. E. 424; *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684; *McFarlan Carriage Co.* v. *Potter* (1899), 153 Ind. 107, 114, 53 N. E. 465; *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 104 N. E. 111; *Nat. Fire Proofing Co.* v. *Smith* (1913), 55 Ind. App. 124, 99 N. E. 829.

Among the grounds for a new trial appellant alleges: That the damages are excessive; that "the assessment of the amount of plaintiff's recovery is erroneous, being

too large in that the jury by its verdict included therein loss of time of plaintiff and loss of earning capacity of plaintiff from the time plaintiff received his injuries until he shall become twenty-one years of age."

Immediately following the entry of the overruling of appellant's motion for judgment on the answers to the interrogatories, the record shows the following:

"And the court now considers the evidence with reference to interrogatory No. 66 and the answer thereto heretofore returned in this cause, and being fully advised in the premises now orders the plaintiff to file and enter a remittitur in the sum of $600.00, and upon plaintiff's refusal to so enter the same within ten days a new trial will be granted in this cause: And the plaintiff objects to the order so made, and now the plaintiff enters a remittitur for $600.00, which remittitur is in words and figures as follows, to wit: * * * and now the court having considered the motion for a new trial, and being fully advised in the premises overrules the same and the defendant at the time excepts. And now the court sustains the motion of the plaintiff for judgment on the verdict in the sum of $4,-400.00. * * * Defendant in the above entitled cause moves the court to modify and vacate the judgment in the above entitled cause for each of the reasons and on each of the grounds, to wit:

"That the answer of the jury to interrogatory 66 shows that there is included in the verdict in said cause damages for loss of time and earning capacity from the time plaintiff was injured to wit: 17 years and one month old to 21 years of age.

"That the jury erroneously included in its verdict improper elements of damage.

"That the jury included in its verdict a substantial element of damage entirely outside the issues in said cause as shown by the answer of the jury to interrogatory 66.

"That the jury included in its verdict a substantial element of damage not included in the issues of said cause with reference to which no evidence was introduced in the trial of said cause, and the defendant has had no hearing in the trial of said cause."

The judgment follows the foregoing statement and in a part of the same entry it is shown that "the defendant files a written motion to modify, vacate and 2. set aside the judgment," the grounds of which are as above shown. The court overruled the motion and appellant has assigned such ruling as independent error, and has also made the substance of the answer to interrogatory No. 66 a part of its motion for a new trial as above shown. The motion is confusing in this: that it asks for relief on two inconsistent grounds, viz., that the judgment be modified and that it be vacated. The motion does not indicate in what respect or to what extent the judgment should be modified, and is therefore insufficient to entitle appellant to any relief by a modification of the judgment. *Thomas* v. *Felt* (1898), 21 Ind. App. 265, 270, 52 N. E. 171; *Hormann* v. *Hartmetz* (1890), 128 Ind. 353, 358, 27 N. E. 731; *Chicago, etc., R. Co.* v. *Eggers* (1896), 147 Ind. 299, 303, 45 N. E. 786; *Stout* v. *Curry* (1887), 110 Ind. 514, 515, 11 N. E. 487; *Borror* v. *Carrier* (1904), 34 Ind. App. 353, 372, 73 N. E. 123; Elliott, App. Proc. §§345, 346.

If we disregard the part of the motion that seeks a modification of the judgment as surplusage, we have a motion to vacate and set aside the judgment as 3. an entirety on the grounds alleged. If appellant is entitled to have the judgment set aside either on the ground of insufficiency of evidence, or on the ground that it is contrary to law, the statute authorizes and requires such relief to be obtained by motion for a new trial. The motion as presented is not recognized by our practice and the relief sought must be obtained, if at all, under the motion for a new trial. §585, cl. 6, Burns 1914, §559 R. S. 1881; Elliott, App. Proc. §350.

While error in the assessment of the amount of re-

covery is not a proper ground for a motion for a new
trial in a case sounding in tort, appellant has also
4. alleged that the damages are excessive, and we
therefore proceed to determine the question from
a consideration of the motion for a new trial. The mo-
tion shows that the contention as to excessive damages
is based largely on the answer of the jury to interroga-
tory No. 66. We are therefore called upon to
5. decide whether the interrogatory was proper
under the issues, and, if proper, whether we can
look to the answers of the jury to the interrogatories
to determine whether the damages assessed are exces-
sive.

The interrogatory, in effect, calls upon the jury to
itemize the amounts entering into the verdict and this
is not permissible in a tort case. Furthermore the is-
sues present no claim for services from the time of the
injury until appellee became twenty-one years of age
and the instructions did not authorize the assessment
of any such damages. The question was therefore im-
proper and did not bear upon any issue in the case.
The interrogatory being improper, it and the answer
thereto must be treated as surplusage and can have
no effect on the decision of the question relating to the
amount of the damages awarded. §572 Burns 1914,
Acts 1897 p. 128; *Cleveland, etc., R. Co.* v. *Miller*
. (1905), 165 Ind. 381, 389, 391, 74 N. E. 509; *Farmers
Ins. Assn.* v. *Reavis* (1904), 163 Ind. 321, 324, 70 N. E.
518, 71 N. E. 905; *Louisville, etc., R. Co.* v. *Bates*
(1896), 146 Ind. 564, 570, 45 N. E. 108; *Valparaiso
Lighting Co.* v. *Tyler* (1911), 177 Ind. 278, 287, 96 N.
E. 768; *Roller* v. *Kling* (1897), 150 Ind. 159, 161, 49 N.
E. 948; *Skillen* v. *Jones* (1873), 44 Ind. 136, 150; *South-
ern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154, 158,
72 N. E. 479; *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind.
397, 400, 22 N. E. 252; *Salem-Bedford Stone Co.* v. *Hilt*

(1900), 26 Ind. App. 543, 546, 59 N. E. 97; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 513, 50 N. E. 363; *Lagler* v. *Roch, supra; Cleveland, etc., R. Co.* v. *Stevens* (1911), 49 Ind. App. 647, 653, 96 N. E. 493.

That such an interrogatory as the one here under consideration is improper was expressly decided by our Supreme Court in *Muncie, etc., Traction Co.* v. *Hall* (1909), 173 Ind. 95, 89 N. E. 484, wherein the court said: "There was no error in refusing to submit interrogatories twenty-one and twenty-two to the jury, because they did not require the finding of any fact involved in the issues, but only whether the jury assessed any damages on account of certain matters mentioned in said interrogatories, and included the same in the general verdict, and to give the amount thereof. In other words, they were asked to specify some of the items of damages."

While we are clearly of the opinion that interrogatory No. 66 is improper and should not have been submitted, nevertheless the contention that the interrogatory reveals the fact that the jury included in its verdict an element of damages that is unauthorized is not without merit. However, on the facts of this case, we hold that appellant is not entitled to any relief on account of such answer, for the reason that appellant, in effect, invited the error. The record shows that after the jurors were instructed, they retired "to deliberate on their verdict and answer the interrogatories submitted by the defendant." Therefore appellant tendered and the court at its request submitted an improper interrogatory. By such improper means appellant obtained information that an unauthorized element of damages had been included in the verdict of the jury. When the answer to such interrogatory was read, appellant was apprised of that fact, and it then became its duty to move the court to send the jury back

to reconsider the question of the amount of damages to be awarded and to give special instructions to eliminate from the verdict such improper element and to include therein only such elements as the law authorizes. Having failed so to do, the error, if any, was thereby waived and is not available to reverse the judgment. *Evansville Furniture Co.* v. *Freeman* (1914), 57 Ind. App. 576, 585, 105 N. E. 258, 107 N. E. 27; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 606, 100 N. E. 675, 102 N. E. 99; *Chicago, etc., R. Co.* v. *Biddinger* (1915), 61 Ind. App. 419, 109 N. E. 953; Elliott, App. Proc. §§625, 626, 627; *Inland Steel Co.* v. *Kiessling* (1914), 183 Ind. 117, 120, 108 N. E. 232; *Manufacturers Nat. Gas Co.* v. *Leslie* (1899), 22 Ind. App. 677, 684, 51 N. E. 510.

The jury was correctly instructed as to the measure of damages.   We cannot say from the evidence in this case that the amount of the verdict as modified
7.  by the remittitur is such as to indicate that the jury was influenced by prejudice, partiality or corruption in assessing appellee's damages.   Under all the facts disclosed, the award does not seem to be excessive or unreasonable.   *Suelzer* v. *Carpenter* (1914), 183 Ind. 23, 31, 107 N. E. 467; *Hamilton, etc., Co.* v. *Larrimer* (1915), 183 Ind. 429, 433, 105 N. E. 43; *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 329, 98 N. E. 729; *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689, 108 N. E. 971.

Appellant also urges as ground for a new trial the refusal of the trial court to withdraw from the consideration of the jury the evidence applicable to
8.  the fourth paragraph of complaint, which was dismissed at the conclusion of the evidence; also in overruling appellant's motion to withdraw the case from the jury upon the dismissal of said fourth paragraph.   The contention is based on the proposition that

appellee was given unfair advantage by the dismissal of the paragraph and thereby obtained the benefit of evidence and inferences to which he was not entitled under either of the remaining paragraphs, and that the effect was to mislead and confuse the jury. The cases cited and relied on by counsel for appellant are not in point under the facts of this case.

The main facts of each paragraph are the same and we have already indicated their principal differences. The paragraph dismissed and the third, which remained in, were drawn under statutes which, as applied to the facts of the case at bar, eliminate the defense of assumption of risk. As already shown, the averments of the third paragraph were broad enough to make the evidence proper under the fourth paragraph appropriate to the third. §8020a Burns 1914, *supra; Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 110 N. E. 680; *Nordyke & Marmon Co.* v. *Hilborg, supra; Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916 D 258; §8029 Burns 1914; *U. S. Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 606, 88 N. E. 69; *Bemis, etc., Bag Co.* v. *Krentler* (1906), 167 Ind. 653, 658, 79 N. E. 974; *Koehler* v. *Harmon* (1912), 52 Ind. App. 315, 318, 98 N. E. 1009; *American Car, etc., Co.* v. *Clark* (1903), 32 Ind. App. 644, 648, 70 N. E. 828; *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672. The court in its instructions called attention to the dismissal of the fourth paragraph and limited recovery to the remaining paragraphs which were read to the jury. It follows, therefore, that the court did not err in overruling the motion to withdraw the case from the consideration of the jury, or in refusing to withdraw from the consideration of the jury the evidence applicable to the fourth paragraph of complaint. If appellant was not

satisfied with the instructions of the court on the subject of dismissal of the fourth paragraph and the application of the evidence to the other paragraphs, it should have tendered more complete instructions on the subject, for the instructions given on that subject were correct as far as they went.

Appellant also contends that there is no evidence to sustain the finding of the jury that there was a promise to repair the guard. The jury found the fact both by their general verdict and their answers to interrogatories. The fact may be found without proof of an express promise. The conversations and conduct of the parties shown by the evidence are sufficient to warrant the inference drawn by the jury. *Indianapolis, etc. R. Co.* v. *Watson* (1888), 114 Ind. 20, 27, 14 N. E. 721, 15 N. E. 824, 5 Am. St. 578; *Crum* v. *North Vernon Pump, etc., Co.* (1904), 34 Ind. App. 253, 256, 72 N. E. 193; 26 Cyc 1211.

Furthermore, under the third paragraph of complaint, no promise to repair was necessary to relieve appellee from assuming the risk incident to the unguarded cogwheels. The facts alleged bring the case within the provisions of the Employer's Liability Act of 1911, *supra,* and also show that the machinery was unsafe because the cogwheels were not guarded; that it was practicable to guard the same without interfering with the use and efficiency of the machinery for the purposes intended, as required by the Factory Act of 1899. (Acts 1899 p. 231, §8029 Burns 1914). There is evidence tending to prove all the material allegations of the third paragraph. Therefore, if appellant was correct in his contention as to the failure of proof to show a promise to repair, he would not on that account be entitled to a reversal of the judgment, for it might still be sustained on the third paragraph of complaint.

Furthermore, the entire record shows that there was practically no dispute as to the material allegations of the complaint, and particularly so as to the second and third paragraphs, and that the defense was contributory negligence. On page 176 of appellant's brief it is said: "There was no contention that the cleaning was wrongful, and especially not the oiling, but it was appellant's contention that appellee had no business to undertake the obviously dangerous act of cleaning said oil cup by placing his hand directly over. said meshes while said machine.was in operation, with waste so protruding from his hand as to be caught in said meshes." The facts showing liability in the first instance being practically uncontroverted, and it being admitted that appellee was acting in the discharge of his duties when injured, the one sharply controverted question was his alleged contributory negligence. This was a question of fact for the jury and the issue was fully and fairly tried. Both the general verdict and the answers to the interrogatories indicate a finding against appellant on the issue, and we find in the record nothing which warrants this court in holding that the jury was not warranted in so doing. *Pinnell* v. *Kelly* (1913), 54 Ind. App. 59, 99 N. E. 772; *Nat. Fire Proofing Co.* v. *Smith, supra.*

Complaint is also made of the failure of the court to require the jury to answer certain interrogatories. Each of the interrogatories involved was conditioned on an affirmative answer to a preceding interrogatory to which the jury had answered, "No evidence." The interrogatories to which further answers were requested were, not answered for the apparent reason that no answer was required unless an affirmative answer was made to the preceding question. In this situation appellant was not harmed by the ruling. §572 Burns 1914, *supra; Indianapolis,*

*Abattoir Co.* v. *Temperly* (1902), 159 Ind. 651,. 656, 64
N. E. 906, 95 Am. St. 330; *Cincinnati, etc., R. Co.* v.
*Cregor* (1898), 150 Ind. 625, 628, 50 N. E. 760; *Cleve-
land, .etc., R. Co.* v. *Stevens, supra.*

Some questions are suggested and discussed in re-
gard to the instructions and the evidence. We have
examined the instructions and other questions sug-
gested and find nothing that can avail appellant or jus-
tify the extension of this opinion by their consideration
in detail. On the controverted and material issues the
case was fully and fairly tried and appellant was de-
prived of no substantial right which could in any way
affect or change the result.

We find no reversible error. Judgment affirmed.

Caldwell, C.J., Moran, Ibach, Hottel and McNutt, JJ.,
concur.

Note.—Reported in 113 N. E. 19. See under (3) 23 Cyc 890;
(4) 38 Cyc 1904; (7) 13 Cyc 127; (10) 38 Cyc 1693; (12) 26
Cyc 1180. Personal injuries: excessiveness of verdicts, Ann. Cas.
1913A 1361; L. R. A. 1915F 30, specifically as to loss of hand, id.
238.