McCOWEN, PROBST, MENAUGH COMPANY ET AL. v. SHORT.

[No. 9,464. Filed January 30, 1918. Rehearing denied April 12, 1918. Transfer denied March 5, 1919.]

1. TRIAL.—*Interrogatories.*—*Form.*—*Statute.*—Under §572 Burns 1914, Acts 1897 p. 128, providing that on request of either party the court shall instruct the jury to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all issues in the case, in an action for fraud alleged to have induced plaintiff to execute a release of a claim for personal injuries, an interrogatory asking the jury if any false representation was made to plaintiff that induced him to make the settlement what it was, and if more than one was made to give them all, was improper and should not have been

given, since it calls for more than a single issuable fact and is not authorized by statute. p. 472.

2. TRIAL. — *Verdict.* — *Improper Interrogatories.* — *Surplusage.* — Where an interrogatory is unauthorized by statute and improper, both the interrogatory and the answers thereto must be treated as surplusage, and cannot overthrow the general verdict. p. 472.

3. TRIAL.—*Special Interrogatories.*—*Form.*—*Statute.*—Under §572 Burns 1914, Acts 1897 p. 128, authorizing the submission to the jury of special interrogatories upon questions of fact, interrogatories should be so framed as to call for an answer which finds but a single fact, less than an issue in the case, and cannot be used to throw upon the jury the responsibility of enumerating different alleged grounds of recovery, and then give such answer the effect of a finding that all the grounds of recovery alleged and not set out in the answer have not been proved. p. 473.

4. APPEAL.—*Review.*—*Verdict.*—*Answers to Interrogatories.*—*Presumption.*—On appeal every reasonable presumption will be indulged in favor of the general verdict, and the answers to interrogatories will not overthrow it unless they are in irreconcilable conflict therewith. p. 473.

5. APPEAL.—*Review.*—*Verdict.*—*Answers to Interrogatories.*—As against the answers to interrogatories the court on appeal must consider in aid of the general verdict every material fact within the issues which might have been proved in the case. p. 473.

6. FRAUD.—*Relation of Parties.*—*Duty to Disclose Information.*— Where parties do not deal at arm's length, or occupy substantially the same relative position in a transaction, and one of them is justified in, or excusable for, reposing confidence in the other, the duty rests upon the party occupying the superior position to act in the utmost good faith, and to give to the other party all material information possessed by him, and take no undue advantage of his position, or of the dependence or weakened condition of the other party. p. 474.

7. FRAUD.—*Relation of Parties.*—*Presumption of Fraud.*—*Burden of Proof.*—When it appears that the parties to a transaction occupied unequal positions, so that one was justified in reposing confidence in the other, and the one occupying the superior position has gained a substantial advantage over the other, the law intervenes in behalf of the weaker person or the one over whom such advantage has been gained, and raises a presumption of fraud or unfair or unconscionable dealing, which makes out a *prima facie* case in his favor entitling him to redress unless the other party by proper proof overcomes such inference or presumption of fraud. p. 474.

8. FRAUD.—*Action.—Verdict.—Answers. to Interrogatories.*—In an action for fraud in inducing the settlement of a claim for personal injuries, *held* that the answers to interrogatories were insufficient to overcome the general verdict in plaintiff's favor. p. 475.

9. APPEAL.—*Review.—Verdict.—Presumptions.—Searching Record.* —Every reasonable presumption is indulged on appeal in favor of the action of the trial court, and the appellate tribunal will not search the record to reverse, but may do so in order to affirm, the judgment of the trial court. p. 476.

10. TRIAL.—*Interrogatories.—Form and Scope.*—Under the statute (§572 Burns 1914, Acts 1897 p. 128) authorizing the submission of special interrogatories to the jury, each interrogatory is only intended to call forth a finding by the jury as to a single fact within the issues. p. 477.

11. TRIAL.—*Interrogatories.—Answer.—Scope.*—When the parties desire the jury to find specially on each and every fact covered by the allegations of the complaint, they should request the submission of proper interrogatories for that purpose, but the answer to an interrogatory cannot be enlarged beyond what is stated therein by the jury. p. 477.

From Orange Circuit Court; *William H. Paynter,* Judge.

Action by Oscar F. Short against the McCowen, Probst, Menaugh Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Elam, Fesler & Elam, Howard S. Young, McCart & McCart* and *Mitchell & Mitchell,* for appellants.

*James M. Fippen* and *Buskirk & Buskirk,* for appellee.

FELT, J.—This is an appeal from a judgment for $1,500 damages in favor of appellee and against both appellants.

The only error relied on for reversal is based on the assignment that the court erred in overruling the motion of each of the appellants for judgment on the answers of the jury to the interrogatories notwith-

standing the general verdict. It is stated in appellants' brief that: ''Each appellant expressly waives any right to a new trial and asks that this court order judgment in its favor, and if this court does not think the right to this relief is established, each appellant asks that the judgment below be affirmed.''

The substance of the complaint shows that appellee was injured while working for and in the factory of the McCowen, Probst, Menaugh Company, and that at the time of such injury it carried liability insurance in its coappellant; that appellee was injured by the negligence of his employer aforesaid in failing to guard certain machinery which could have been guarded without interfering with its usefulness and efficiency; that by such injuries appellee lost his left arm, his nervous system was greatly shocked, his health was impaired, and he was permanently injured and incapacitated for the performance of labor of any kind, to his damages in the sum of $20,000; that he was attended by appellants' physician, and in 1911, while still under the charge and care of such physician, suffering from his said injuries, sick and weak in both body and mind, extremely nervous and unable to perform any labor with body or mind, appellants by and through their officers and agents called upon him at his home in Salem, Indiana, and induced him to accompany them to the office of the McCowen, Probst, Menaugh Company; that appellants then and there knew of his sick and weakened condition of both body and mind, and that he was unable and unfit to transact business, and likewise knew of the great amount of damages he has sustained by his aforesaid injuries; that thereupon appellants, with the intent to induce him to settle his

claim for damages for $1,000, falsely and fraudulently represented to him that the McCowen, Probst, Menaugh Company was very strong financially, was greatly enlarging its factory, and would continue its operations so long as he would need or want employment, and would employ appellee and his two minor sons at $1.50 per day for each so long as hands should be employed in said factory; that in case he refused to so settle his claim for damages for his injury neither he nor his sons would be employed, and appellants would pay him nothing; that in case he brought suit to recover damages the companies would law him as long as they could in the lower courts and, if beaten, would appeal to the Supreme Court and keep the case in that court for three years; that it required a great amount of money to carry on such litigation, and appellee could not procure the necessary funds; that each of appellants by said agents further falsely and fraudulently represented to appellee that, unless he settled his claim on the terms aforesaid, he would be blacklisted by all employers of labor, and it would be impossible for him to secure employment; that the arrangements were then completed to so blacklist him if he did not then settle his claim; that appellants also falsely and fraudulently represented to appellee that his injuries, other than the loss of his arm, were only temporary, and he would be well in a few weeks, and that they made such statements upon the advice of their physician, who had been, and was, attending him; that all the statements aforesaid were false and known to be false by appellants when made, and were fraudulently made to induce appellee to execute a release and settlement of his claim for damages aforesaid; that

he had no knowledge of the truth or falsity of the aforesaid statements of appellants, and appellants had full possession of the facts, and knew that appellee had no means of ascertaining the truth or falsity of the representations so made as aforesaid; that he relied on such statements, believed them to be true, had no means of knowing that they were false, and was thereby deceived and induced to, and did, execute a release of his claim for damages for personal injuries, as aforesaid, for $1,000 and payment of his doctor bill and nurse hire, whereby he was damaged in the sum of $19,000, for which he demands judgment.

The answers to interrogatories deal mainly with undisputed facts. They show that appellee was injured on August 25, 1911, and that the claim was settled on October 14, 1911; that the physician had ceased treating him before October 14, 1911; that appellants agreed to pay his doctor and nurse bills, amounting to $133; that McCowen, Probst, Menaugh Company further agreed to employ appellee and his sons; that the false representations were made by Thomas Bradshaw.

Interrogatory No. 7 and the answer thereto are as follows: "If any false representation was made to the plaintiff that induced him to make this settlement, what was it, and if more than one was made give them all. Answer: First by threats of carrying case to higher courts and that he would be well in a short time except loss of arm."

Appellants contend that the answers to the interrogatories "eliminate from consideration all the charges which these answers support"; that the representations mentioned in answer to the seventh in-

terrogatory refer only to a clear legal right to litigate a claim and to events of the future which cannot be made the basis of a recovery on a charge of fraud.

Interrogatory No. 7 was improper, and should not have been given for the reason that it calls for more than a single issuable fact, and is not authorized by the statute. It includes several propositions, viz.: (1) Was any false representation made? (2) Did such statement induce appellee to make the settlement in controversy? (3) Was more than one false statement made? (4) If so, give them all. §572 Burns 1914, Acts 1897 p. 123; *Manning* v. *Gasharie* (1866), 27 Ind. 399, 409; *Farmers Ins. Assn.* v. *Reavis* (1904), 163 Ind. 321, 324, 70 N. E. 518, 71 N. E. 905; *Bettman* v. *Shadle* (1899), 22 Ind. App. 542, 545, 53 N. E. 662; *New York, etc., R. Co.* v. *Grossman* (1897), 17 Ind. App. 652, 655, 46 N. E. 546; *Pierce* v. *Oliver* (1897), 18 Ind. App. 87, 91, 47 N. E. 485.

Such interrogatory being unauthorized by the statute and improper, it and the answers thereto must be treated as surplusage, and cannot overthrow the general verdict. *Farmers Ins. Assn.* v. *Reavis, supra; Queen Coal, etc., Co.* v. *Epple* (1917), 64 Ind. App. 235, 113 N. E. 19, 22, and cases cited; *Fisher, Admr.,* v. *Louisville, etc., R. Co.* (1897), 146 Ind. 558, 561, 45 N. E. 689.

Substantially all of appellants' contentions and propositions are based on interrogatory No. 7 and the answers thereto. With these eliminated, there is clearly no sufficient basis to sustain the contentions of appellants. However, if that interrogatory and the answers thereto were not eliminated as sur-

plusage, we could not place upon them the construction given to them by appellants. By an improper interrogatory, the jury cannot be required to do that which is not contemplated by the statute.

The statute only authorizes the submission of interrogatories "upon particular questions of fact," within the issues. Interrogatories cannot be used to throw upon the jury the responsibility of enumerating different alleged grounds of recovery, and then in the event the answer fails to enumerate all the grounds alleged, give to such answer the effect of a finding that all grounds of recovery alleged and not set out in such answer have not been proved. Interrogatories should be so framed as to call for an answer which finds but a single fact, less than an issue in the case. *New York, etc., R. Co.* v. *Grossman, supra; Farmers Ins. Assn.* v. *Reavis, supra; Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 548, 46 Am. Rep. 230; *Pope* v. *Branch County Sav. Bank* (1899), 23 Ind. App. 210, 212, 54 N. E. 835.

Every reasonable presumption will be indulged in favor of the general verdict, and the answers to interrogatories will not overthrow it, unless they are in irreconcilable conflict therewith. As against the answers to interrogatories, we must consider in aid of the general verdict every material fact within the issues that might have been proved in the case. *Valparaiso Lighting Co.* v. *Tyler* (1912), 177 Ind. 278, 287, 96 N. E. 768.

The complaint makes a case where the parties did not stand upon the same level in the transaction, and where those having the superior position of power and influence abused the confidence reposed in them,

and by so doing gained an advantage over the other party which could not have been obtained without such abuse of confidence.

Where parties do not deal at arm's length, or occupy substantially the same relative position in the transaction, and one of them is justifiable in,

6.  or excusable for, reposing confidence in the other, under the circumstances, the duty rests upon the party occupying the superior position to act in the utmost good faith, to give to the other party all material information possessed by him, to withhold no information and to take no undue advantage of his position, or of the dependence or weakened condition of the other party.

When it appears that the parties occupy such unequal positions, and that the one occupying the superior position has gained a substantial advan-

7.  tage over the other, the law intervenes in behalf of the weaker person or the one from whom such advantage has been so gained, and raises a presumption of fraud, or unfair or unconscionable dealing in his favor, which, when duly presented, makes out a *prima facie* case in his favor entitling him to redress, unless the other party by proper proof overcomes such inference or presumption of fraud.

When the facts are sufficient to raise the presumption of fraud or unfair and unconscionable dealing, as above indicated, the injured party is thereby entitled to recover such damages as he has sustained as the proximate result of such fraud, unless the other party by due proof overcomes the *prima facie* case so made as aforesaid. 12 R. C. L. 232, 234, 424, 427, and notes; *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 269, 100

N. E. 385; *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 428, 107 N. E. 301, and cases cited; *Vandalia Coal Co.* v. *Alsopp* (1916), 61 Ind. App. 649, 657, 109 N. E. 421; *Meldrum* v. *Meldrum* (1890), 15 Colo. 478, 24 Pac. 1083, 11 L. R. A. 65, and notes; *Fuller* v. *Supreme Council, etc.* (1917), 64 Ind. App. 49, 115 N. E. 372, 376.

Having in mind the facts embraced within the issues, as above indicated, and the rule which requires this court to consider such facts as proved, when considering and deciding the question presented by a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, it becomes apparent that in any permissible view of this case the trial court did not err in overruling appellants' motion so made in the case at bar. As throwing additional light upon phases of this case, see, also *Ray* v. *Baker* (1905), 165 Ind. 74, 86, 74 N. E. 619; *Givan* v. *Masterson* (1899), 152 Ind. 127, 131, 51 N. E. 237; *Lowry* v. *Vedder* (1889), 40 Minn. 475, 478, 42 N. W. 542; *Brown* v. *Ocean Accident, etc., Corp.* (1913), 153 Wis. 196, 140 N. W. 1112; *State* v. *Darlington* (1899), 153 Ind. 1, 3, 53 N. E. 925; *Adams* v. *Stringer* (1881), 78 Ind. 175, 180; *Hines* v. *Board, etc.* (1884), 93 Ind. 266, 271.

Judgment affirmed.


## ON PETITION FOR REHEARING.


FELT, J.—Appellants' learned counsel in their briefs on petition for a rehearing contend that the opinion in this case is unwarranted, and urge especially that the court in affirming the judgment has done so on grounds not presented by appellee's brief,

and for the further reason that appellee has waived all right to interpose any objection to the form of interrogatory No. 7, because he interposed no objection to its submission by the trial court.

As to the first proposition, it is sufficient to say that it has long been the rule of the Supreme Court, and of this court, that every reasonable presumption is indulged in favor of the action of the trial court, and on appeal the appellate tribunal will not search the record to reverse, but may, and generally will, do so in order to affirm the judgment of the trial court. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 415, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849; *State, ex rel.* v. *John* (1908), 170 Ind. 233, 238, 84 N. E. 1; *Elijah* v. *Dowling* (1912), 49 Ind. App. 515, 519, 97 N. E. 551; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. 89, 93, 99 N. E. 132.

Appellants base their contention as to the waiver by appellee as to the form of interrogatory No. 7 on the case of *Inland Steel Co.* v. *Kiessling* (1915), 183 Ind. 117, 118 N. E. 232, in which the Supreme Court held that the appellant was not in a position to urge an objection to the consideration of an answer to an interrogatory, for the reason that "the record does not show that appellant made any objection to the form of this interrogatory at the time it was submitted."

In the case at bar the general verdict is in favor of appellee. Appellants seek in effect to read into the answer to question No. 7 several facts or propositions not stated therein, in order to overthrow the general verdict.

The statute which authorizes the submission of interrogatories requires the jury to "find specially

upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all of the issues in the case," if they return a general verdict. Under this statute and the decisions interpreting it, each interrogatory is only intended to call forth a finding by the jury as to a single fact within the issues.

The question in this case goes beyond the form of the interrogatory and deals with the facts or substance of the issues.

If the parties desired to obtain the answer of the jury as to each and every fact covered by the allegations of the complaint, they could have done so by proper interrogatories. But the answer to interrogatory No. 7 cannot be enlarged beyond what is stated therein by the jury.

Appellants' contention seeks to oppose the general verdict by speculation and reasoning rather than by facts found by the jury in answer to interrogatories. To do this is to reverse the presumptions which prevail in favor of the general verdict, until it is overcome by facts duly found by the jury which are in irreconcilable conflict therewith.

Our courts have never gone to the extent appellant seeks to have us go in this case. Certainly there is no warrant in the statute for resorting to hidden and abstruse processes of reasoning and elimination to accomplish the overthrow of a general verdict.

The petition for a rehearing is therefore overruled.