DONIVAN ET AL. v. TIBBLES ET AL.

[No. 11,145.  Filed April 6, 1922.]

EXECUTORS AND ADMINISTRATORS.—*Settlement of Estate.—Fraud. —Unfair Settlement by Sister with Brother.—Relation of Parties.*—Where a brother and sister were named as executors of their mother's will, and the brother, because of his frequent absence from home, permitted his sister to administer the estate, and at his sister's request conveyed his interest to an attorney, who had been assisting in the administration, to effect a settlement of the estate, the brother relying upon his sister to so arrange the settlement that his rights under the will would be

protected, but the sister so managed the settlement that he received a less interest, while she received a greater interest than given her by the will, *held* that the settlement was void, the sister having occupied as to the brother a position of trust and confidence.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Mary Tibbles Donivan and others against Frank E. Tibbles and wife, in which the defendants filed a cross-complaint. From the judgment rendered, the plaintiffs appeal. *Affirmed.*

*O. E. Fuelber, John G. B. Jones, L. H. Dunten* and *Walter Olds,* for appellants.

*Barrett, Hoffman & Barrett,* for appellees.

ENLOE, J.—This was an action for partition of real estate, brought by the appellants against the appellees, who are husband and wife. To the complaint, which was in one paragraph, the appellee Frank E. Tibbles answered in general denial. He also filed a cross-complaint, to which the appellants replied in general denial. The issues thus formed were submitted to the court for trial, which, upon the request of the appellees, made a special finding of the facts and stated its conclusions of law thereon favorable to the appellees. There was a decree for partition accordingly.

The only valid assignments of error are: (1) Error in conclusions of law; and (2) error in overruling the motion for a new trial. We shall first notice the second assigned error.

In support of said motion it is urged that the decision of the court was not supported by sufficient evidence; that the evidence wholly fails to show that the appellant Mary Tibbles Donivan was guilty of any fraud, and that therefore the decision of the court should have been in her favor.

As to the essential facts found by the court, there is no dispute. These are in substance as follows: Harriet E. Tibbles died testate, and her will was duly probated in the Allen Circuit Court, on July 6, 1914. The appellant Mary Tibbles Donivan and appellee Frank E. Tibbles were named as executors of said will, and duly qualified as such. By the said will the furniture and personal effects were given to the two daughters, and bequests of money were made as follows: Frank E. Tibbles, $1,000; Emma F. Johnson, $1,500; Mary Tibbles Donivan, $2,000; and John W. Donivan, $500. All the rest and residue of the estate was devised to appellee Frank E. Tibbles and to appellants Mary Tibbles Donivan and Emma F. Johnson, share and share alike, they being the only children and heirs at law. Frank E. Tibbles was an employe of a railroad company and was necessarily absent from home a large part of the time, and Mary Tibbles Donivan took charge of the matter of administering and settling said estate, and conferred with the attorneys in reference thereto. At the time of her death said Harriet E. Tibbles was the owner of certain real estate in the city of Ft. Wayne, which all the parties interested believed, in April, 1917, to be worth $6,000. Sufficient money came into the hands of the executors to pay debts and costs of administration, but no funds with which to pay the said bequests. Sometime in the early part of 1917, the court notified the attorney for said estate, that a final report was due, and that the same should be made and said estate closed. Thereafter appellant Mary Tibbles Donivan had several conferences with the attorney, who prepared for her a final report in settlement of said estate. For the purpose of making such settlement the several legatees executed receipts, acknowledging the receipt of their several bequests. Under advice of said attorney the parties interested joined in the execution of a deed to

their said attorney, conveying said real estate to him, with the understanding that he would at once reconvey to said heirs. The attorney made such reconveyance, and conveyed to appellant Mary Tibbles Donivan and John W. Donivan, one-half of said property; to Emma F. Johnson and Albert S. Johnson, three-tenths of said property, and to Frank E. Tibbles a one-fifth interest in said property. The court further found, "that said Mary T. Donivan at the time of said settlement and final report believed that she was profiting by said settlement, and receiving a portion greater than that provided by the will," and that she did not explain the matter to her brother, Frank E. Tibbles, at the time the final settlement of said estate was made, and at the time he signed the final report, and "that said Frank E. Tibbles was misled and deceived as to the effect of said settlement upon his interest in said estate." Many other facts, not necessary to be set forth in this opinion, are found by the court.

The appellee in his cross-complaint had alleged that said settlement and said deeds were frauds upon him, and asked that they be set aside and disregarded, and that he be given his share of said property as provided for in said will.

The appellant Mary T. Donivan, while testifying as a witness, admitted that she had assumed the active management and control of said estate, as one of the executors thereof; that she said nothing to her brother about any change of their respective interests in said estate from that as fixed by the will, and that she knew that by said settlement she was getting a larger portion of said estate than that given her by the will. The appellee Frank E. Tibbles testified that he left everything concerning the settlement of the estate to his said sister; that he thought she would do it right; that she would work to his interest as well as her own; that upon dis-

covering that the deed did not give him the interest which he had under the will, he spoke to his sister about it and requested her to rectify the matter and that she replied, that she was not willing to do anything in the matter, and said, "You ought to have known what you were signing when you signed the papers." It will be noted however, that there was nothing in the final report, signed by said appellee, which said anything about any change of the interest he had in said property, nor was there anything in the deed executed by the said appellee, to said trustee, which in any way mentioned the interest which he was thereafter to receive, by deed from such trustee.

A careful reading of the evidence convinces us that the special findings are well sustained by the evidence.

Under these facts, the query arises, what was the relationship of these parties? Were they dealing at arm's length, or was there a relationship of trust and confidence?

In *Robbins* v. *Hope* (1881), 57 Cal. 493, 497, it was said: "The phrases 'confidential relation' and 'fiduciary relation' seem to be used by the courts and law writers as convertible terms. It is a peculiar relation which undoubtedly exists between client and attorney, principal and agent, * * * executors or administrators and creditors, legatees or distributees, * * *. In these and the like cases the law, in order to prevent undue advantage from the unlimited confidence, affection, or sense of duty which the relation naturally creates, requires the utmost degree of good faith (*uberrima fides*) in all transactions between the parties."

In 1 Beach, Mod. Eq. Jurisp. 125, it is said: "But when the relations between the contracting parties appears to be of such a character as to render it certain that they do not deal on equal terms, but that either on the one side, * * * from overmastering influ-

ence, or, on the other side, from weakness, dependence, or trust justifiably reposed, unfair advantage in a transaction is rendered probable, then the burden is shifted, the transaction is presumed void, and it is encumbent upon the party in whom such confidence is reposed, or who occupies such fiduciary position, to show affirmatively that no deception was used and that all was *fair, open, voluntary and well understood.* This principle is of very general application. * * * but the courts have always been careful not to fetter this useful jurisdiction by defining the exact limits of its exercise." (Our italics.)

In *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301, it was said: "In the case at bar, without repeating the findings, we hold that the facts found were sufficient to show that the parties did not deal at arm's length or occupy the same relative position in the transaction and that appellee was justified in imposing confidence in the honesty, fairness and truthfulness of appellants in making the deal; that appellants knew that appellee imposed confidence in them and relied upon their representations and conduct; that thereby the duty was imposed on appellant to act in the utmost good faith and to give to appellee all the information possessed by them which might in any material way influence her in the transaction. While the foregoing rule is often invoked where a fiduciary relation exists, its application is not limited to such cases. It is frequently applied where the facts show a relation of trust and confidence justifying one in relying thereon, and where the party occupying the superior position has abused such confidence and dependence and used it to gain an unfair advantage over the party relying thereon."

In *McCowen, Probst, Menaugh Co.* v. *Short* (1918), 69 Ind. App. 466, 118 N. E. 538, it was said: "When

it appears that the parties occupy such unequal positions, and that the one occupying the superior position has gained a substantial advantage over the other, the law intervenes in behalf of the weaker person or the one from whom such advantage has been so gained, and raises a presumption of fraud, or unfair or unconscionable dealing in his favor, which, when duly presented, makes out a *prima facie* case in his favor entitling him to redress, unless the other party by proper proof overcomes such inference or presumption of fraud."

In *Thomas* v. *Whitney* (1900), 186 Ill. 225, 231, 57 N. E. 808, it was said: "Transactions between a party and one bearing a fiduciary relation to him are upon his motion *prima facie* voidable upon grounds of public policy, and the burthen of proof, the fiduciary relation being established, is upon the one receiving the benefit to show an absence of undue influence, by establishing the fact that the party acted upon competent and independent advice of another, or such other facts as will satisfy the court that the dealing was at arm's length, or he must show that the transaction was had in the most perfect good faith on his part and was equitable and just between the parties, or, as some authorities say, that it was beneficial to the other parties."

Under these authorities, and many more could be cited, we hold that the parties to the transactions involved in this case, were not dealing with each other at arm's length; that the appellant, Mary Tibbles Donivan, occupied a superior position, she not only being a sister in whom, ordinarily a brother may repose confidence in matters that affect their mutual interest, but she also was in charge of said estate, as one of the executors, and the brother was a legatee; in short, she, as to said brother, occupied a position of trust and confidence, and the law exacted of her a full explanation, to others interested, of matters affecting said estate.

Olejniczak, Admr., v. Indiana, etc., Mfg. Co.—78 Ind. App. 168.

There is no pretense or claim that she in anyway attempted to discharge this duty.

The court did not err in its conclusions of law. Judgment affirmed.