## CURTIS *v.* CORYA

[No. 17,507.   Filed   December   5,   1946.   Rehearing   Denied   January 10, 1947.   Transfer Denied February 18, 1947.]

*George W. Miles,* of Madison, for appellant.

*Arthur A. Cutler,* and *Cooper & Cooper,* all of Madison, for appellee.

DRAPER, J.—On April 21, 1944, one Catherine Colen executed a warranty deed whereby she purported to convey her 70-acre farm to the appellant Harold A.

Curtis. She died soon thereafter and this action was brought to set the deed aside on the ground of fraud, coercion and undue influence and because of an entire lack of consideration; and to have a commissioner appointed to convey said real estate to the heirs of said Catherine Colen.

From a judgment granting the relief prayed, Curtis appeals.

The only valid specification in the assignment of errors is the overruling of appellant's motion for new trial. The latter motion is sufficient to present only the sufficiency of the evidence and the legality of the decision.

The evidence discloses Mrs. Colen as a feeble minded, incompetent, physically weak and frail 75 year old woman, who was wholly incapable of transacting business of any kind. The appellant, though not related, lived at her home for some time and farmed the land a little, but spent most of his time tending bar. The history of their relationship discloses that his conduct toward her was domineering and abusive. He knocked her down, stomped her feet until medical attention was necessary, and made her do just as he said. The evidence strongly supports the inference of an entire lack of consideration for the deed. She died within one year after signing the deed.

From that and other evidence too plentiful to relate, it appears that at the time of the execution of the deed the appellant occupied a dominant and superior position with relation to Mrs. Colen, and she occupied one wholly subordinate and inferior.

Where one occupying such a superior position deals with the other so as to obtain a substantial advantage,

he must, when the transaction is questioned, establish his right in equity and good conscience to the advantage gained. *Teegarden* v. *Lewis, Admr.* (1896), 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9; *Wells* v. *Wells* (1926), 197 Ind. 236, 150 N. E. 361; *McCowen, Probst, Menaugh Co.* v. *Short* (1919), 69 Ind. App. 466, 118 N. E. 538, 119 N. E. 216. The appellant not only utterly failed to establish a right to retain the real estate, but in our opinion the evidence establishes the contrary.

Judgment affirmed.

NOTE.—Reported in 69 N. E. (2d) 742.