NOTE.—Reported in 116 N. E. 2d 636.

WHITE *v.* THE SHIRCLIFF INDUSTRIES, INC.

[No. 18,329. Filed June 12, 1953. Rehearing denied October 7, 1953. Transfer denied October 4, 1954.]

*Hickam & Hickam,* of Spencer, *Emison & Emison,* of Vincennes, and *Cadick & Burns,* of Indianapolis, for appellant.

*Arterburn & Hart,* of Vincennes, and *Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellee.

KELLEY, J.—Action by appellant for damages arising from breach by appellee of oral contract. Complaint in one paragraph. Answer in three paragraphs. Responsive reply by appellant. Issues thus formed were submitted to a jury. General verdict returned in favor of appellant, assessing his damages at $8,900.00. Judgment by the court for appellee *non obstante veredicto.*

Over objections by appellant, the court submitted to the jury seven interrogatories tendered by appellee. Appellant has duly preserved and brought up his objections to the interrogatories by bill of exceptions.

The errors relied upon for reversal are based on the assignments (1) that the court erred in overruling appellant's motion for judgment on the general verdict, and (2) that the court erred in sustaining appellee's motion for judgment on the answers to the interrogatories.

. The substance of the complaint shows an oral agreement whereby appellee, a bottler of Pepsi Cola, granted appellant the exclusive right to sell and distribute appellee's product in a designated territory upon appellant's terminating his former employment and buying the stock, business, good will and interest of appellee's former distributor in the territory. Appellant agreed to buy exclusively from appellee, and appellee agreed to sell exclusively to appellant all of appellant's requirements of Pepsi Cola necessary to serve appellant's business in said territory. The agreed price was seventy-five (75%) per cent of the retail price per case. By its terms the agreement was to continue and appellant's license or franchise was not to be terminated or impaired so long as appellant kept said territory reasonably developed and maintained the sale of appellee's product at a reasonable level, and that so long as appellee was the bottler of Pepsi Cola for the southern part of Indiana it would sell and furnish to appellant all of his requirements of said product necessary to serve his business in said territory. Appellant fully performed his obligations and the parties operated under the agreement from August, 1939 until April 1, 1947, when appellee breached it by refusing to continue to sell to appellant at the agreed price. Appellee then took over appellant's territory and thereafter sold directly to appellant's former customers, thus forcing appellant out of business.

The interrogatories, numbered one to seven, inclu-

sive, each, with the exception of 5 and 6, employ as the beginning portion thereof the following words:

"If any arrangement existed with reference to the sale and distribution of Pepsi Cola between the plaintiff and the defendant during the years referred to in plaintiff's complaint . . . ."

The remainder of each of said interrogatories follows the said words quoted therefrom. For brevity and to avoid needless repetition, the interrogatories, except number 1, will be henceforth referred to as (quoted words), without restatement in *haec verba* of the foregoing quotation. Interrogatories numbered 5 and 6 each were made dependent upon an affirmative answer to Interrogatory number 4. As said Interrogatory number 4 was answered in the negative, no answer to numbers 5 and 6 was required of the jury, and the answer thereto of "No evidence" should have been disregarded.

The several interrogatories, excepting said 5 and 6, and the answers of the jury thereto, are as follows:

No. 1. "If any arrangement existed with reference to the sale and distribution of Pepsi Cola between the plaintiff and defendant during the years referred to in plaintiff's complaint, state whether or not there was an understanding that such arrangement could be terminated by either of the parties at any time."

Answer—No.

No. 2. "(Quoted words), state whether or not it was understood that plaintiff, White, could quit and terminate the agreement or arrangement at his discretion."

Answer—No.

No. 3. "(Quoted words), state whether or not the parties agreed upon any time when it would terminate or end."

Answer—No.

No. 4. "(Quoted words), was there an understanding that plaintiff, White, was required to buy any definite or fixed amount of merchandise from the defendant?"

Answer—No.

No. 7. "(Quoted words), did the defendant, Shircliff Industries, Inc., retain the right to fix the price at which it would sell its merchandise to the plaintiff, White, during the time of such distributorship?"

Answer—No.

The foregoing interrogatories are similar to and contain practically the same infirmities as the Interrogatory No. 7 considered and condemned in *McCowen, Probst, Menaugh Co.* v. *Short* (1918), 69 Ind. App. 466, 471-473, 118 N. E. 538. Interrogatory No. 1, for instance, calls for several issuable facts: (1) Did any arrangement exist between the plaintiff and defendant? (2) Was the arrangement with reference to the sale and distribution of Pepsi Cola? (3) Was there an understanding that such arrangement could be terminated by either of the parties? (4) If so, could such termination be made "at any time?" To which issuable fact did the jury's answer of "No" refer?

Each of the said interrogatories is subject to the objection of being double and calling for more than a single issuable fact. *McCowen, Probst, Menaugh Co.* v. *Short, supra; Van Hook* v. *Young* (1902), 29 Ind. App. 471, 475, 64 N. E. 670; *McKinnon* v. *Parrill* (1942), 111 Ind. App. 343, 358, 38 N. E. 2d 1008; Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §1643, comment 4.

The statute, Acts 1897, ch. 85, §1, 2-2022, Burns' 1946 Replacement, only authorizes the submission of

interrogatories "upon particular questions of fact," within the issues. The interrogatories should be so framed as to call for an answer which finds but a single fact, less than an issue in the case. By an improper interrogatory the jury cannot be required to do that which is not contemplated by the statute. *McCowen, Probst, Menaugh Co.* v. *Short, supra;* and cases cited. As we have pointed out, the interrogatories in this cause are double, they do not require answer to "particular" questions of fact, and they each call for answers to more than a single issuable fact. Such interrogatories were unauthorized by the said statute, were improper, should not have been submitted by the court to the jury, and the same, and the answers thereto, must be treated as surplusage and cannot overthrow the general verdict. *McCowen, Probst, Menaugh Co.* v. *Short, supra,* and cases cited.

The judgment is reversed, with instructions that the trial court overrule appellee's motion for judgment on the answers to the interrogatories, and render judgment for appellant upon the general verdict.

Achor, J., dissents.

### DISSENTING OPINION

ACHOR, P. J.—I do not concur in the majority opinion in this case. My opinion is based entirely upon a consideration of various aspects of Interrogatory number 3.

In my opinion there is nothing complex or compound about the interrogatory. Although it began with the word "If," it assumed, as did the pleadings, the evidence and the parties in the trial court, that an "arrangement existed with reference to the sale and distribution of Pepsi Cola between the plaintiff and defendant during the years referred to in plaintiff's

complaint." This fact was not in issue and required no finding by the jury. The only question to be answered was "whether or not the parties agreed on any time when it (the arrangement) would terminate or end." The phrase "any time" is clear and concise and can be construed only as meaning *any time,* whether fixed or determinable. The interrogatory required only a simple answer of "yes" or "no" and was proper in its form. Therefore, the cases cited by appellee are not controlling.

This being an action for the breach of an alleged oral contract described by appellant as an "arrangement," whether or not the parties agreed as to *any time* when the arrangement would terminate, was an issuable fact which was the proper subject of an interrogatory.

The jury specifically found that the parties had *not* agreed on *any time* when the "arrangement" would terminate or end. Some "time," fixed or determinable, for termination, is an essential element of every contract. An "arrangement" *without any time* when it would terminate or end is lacking in mutuality and is not a contract. *Fowler Utilities Company* v. *Gray* (1906), 168 Ind. 1, 79 N. E. 897; *International Shoe Company* v. *Lacy* (1944), 114 Ind. App. 641, 53 N. E. 2d 636; *Grimm* v. *Baumgart* (1951), 121 Ind. App. 626, 96 N. E. 2d 915.

The general verdict was for damages for breach of contract. The answer to Interrogatory number 3 contradicted, and was in irreconcilable conflict with, the general verdict. The answer was such as to exclude every conclusion authorizing recovery. Therefore, judgment was properly entered on the special finding.

NOTE.—Reported in 112 N. E. 2d 888.