## RING *v.* RING

[No. 19,065. Filed April 20, 1961.]

624

*Austin B. Childress,* of Spencer, for appellant.

*Hickam & Hickam,* of Spencer, for appellee.

RYAN, J.—This was an action in replevin instituted by the appellee-plaintiff, Helen D. Ring, against the appellant-defendant for the possession of two United States Government Series H Bonds which were purchased during the married life of the parties. One bond was purchased in October, 1953, and was registered:

> "Mrs. Helen Ring
> R. R. No. 1
> Spencer, Indiana
> or
> Walter Ring,"

the other bond was purchased in January, 1954, and was registered:

> "Mrs. Helen D. Ring
> R. R. No. 1
> Spencer, Indiana
> or
> Walter Ring."

At the time of the purchase of these bonds the parties were and had been husband and wife and had lived together at R. R. No. 1, Spencer, Indiana. They were divorced on December 22, 1955, and on December 31, 1955, the appellee took these bonds to the Owen County State Bank so that they could be cashed. She signed a request for payment on the backs of these bonds and received a receipt from the bank. In the ordinary course of the bank's business the bonds, upon being signed, would have been mailed to the Federal Reserve Bank in Chicago, Illinois, to be cashed. However, instead of being mailed to the Federal Reserve Bank the bonds were somehow mailed to R. R. No. 1, Spencer, Indiana, at which address the appellant was living, and thus the appellant obtained possession of them.

Along about March 1, 1956, an investigation was started as to the whereabouts of the bonds since payment had not been received. At this time the appellant was contacted by a Mr. Abrell and a Mr. Nelson of the Owen County State Bank. Appellant informed these gentlemen that the bonds had been received by him through the mail. Upon the appellant's refusal to return the bonds, the appellee then commenced this action, trial was had by jury, with a verdict for the appellee and consistent judgment was rendered thereon. Appellant filed his motion for a new trial which was overruled, and this appeal followed.

United States Savings Bonds are issued by the Secretary of the Treasury by authorization of the Congress of the United States, subject to such terms and conditions as the Secretary of the Treasury may prescribe. Under such authority the Secretary has promulgated certain rules and regulations, the pertinent ones being as follows:

"§315.13  *Judicial proceedings (judgment creditors, trustees in bankruptcy, receivers of insolvents' estates and conflicting claimants)*.  A claim against an owner or co-owner of a savings bond and conflicting claims as to ownership of or interest in such bond as between co-owners or the registered owner and a designated beneficiary, will be recognized when established by valid judicial proceedings. . . ."

"§315.45 *Payment or reissue*.  A savings bond registered in the names of two persons as co-owners in the form, for example, 'John A. Jones or Mrs. Mary C. Jones,' will be paid or reissued as follows:

"(a) *Payment during the lives of both co-owners*.  During the lives of both coowners the bond will be paid to either coowner upon his separate request without requiring the signature of the other coowner; and upon payment to either coowner the other person shall cease to have any interest in the bond.  The bond will also be paid to both coowners upon their joint request, in which case payment will be made by check drawn to the order of both coowners in the form 'John A. Jones and Mrs. Mary C. Jones,' and the check must be endorsed by both payees."

While such regulations have the force and effect of law, *Tharp* v. *Besozzi, Admrx., etc.* (1957), 128 Ind. App. 73, 144 N. E. 2d 430, they are primarily intended to protect the government from becoming a party to conflicting claims as to ownership or interest between registered bondholders.

The nomenclature used in such regulations is not determinative and does not control the actual interest of each named party.  Rather, such interest remains a question of fact to be determined by the courts of proper jurisdiction in each and every state under the laws of such jurisdiction.  One of the named parties may as a matter of fact be a sole owner, or a

half owner, or some other fractional share, or may have no interest therein at all. *United States* v. *Stock Yards Bank of Louisville* (1956), 231 F. 2d 628. The purchase of such a bond and the putting of the purchaser's name and that of another on it, does not, in and of itself, vest an interest in such bond in the other. The present case is, and must be, distinguished from those cases where the question of ownership does not arise until after the death of one of the parties. We are not here concerned with the devolution of property, but rather with the right to its possession.

In the present case we have an action in replevin instituted by one of the registered parties on the bond against the other named party. Replevin is a possessory action, the gist or purpose of which is to determine the plaintiff's right to the possession of the property which is the object of the action and which the defendant has wrongfully taken or has wrongfully or unlawfully retained against the plaintiff's demand. The primary object is to recover the possession of the property. *Meyer* v. *Deifenbach* (1934), 100 Ind. App. 360, 193 N. E. 693; 77 C.J.S. Replevin §4; 25 I.L.E. Replevin §2. The determination of this question is one of fact. It would thus seem apparent that it was not incumbent upon the plaintiff-appellee to introduce the Treasury Regulations into evidence at the trial since they would not be determinative or controlling of the question presented at the trial. Further, there is no merit to the argument that replevin could not be maintained by the plaintiff-appellee because this was an action between two "co-tenants" and that under the law of Indiana replevin cannot be maintained by one co-tenant against another co-tenant. The fact that the Treasury Regulations uses the term "co-owners" does

not mean that in this case the action is between that of "joint tenants" or "co-tenants".

The evidence most favorable to the appellee reveals that the bonds in question here were purchased with money withdrawn from a checking account in the name of the appellee and were kept in a safety deposit box which was registered solely in her name. The evidence also tends to establish that the appellee did not at any time intend to make a gift of the bonds or any interest therein to the appellant. The evidence, however, reveals that the appellee intended the appellant could cash the bonds in the event of her death. The evidence most favorable to the appellee also shows that during their married life the appellee was employed, that her earnings were greater than appellant's and that while some of the appellant's earnings were co-mingled in the appellee's checking account these bonds were actually purchased with the appellee's money. Even though the evidence may be in conflict, where there is evidence which, if believed, fairly supports the verdict, the appellate tribunal will not disturb the verdict. *Piggly Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 147 N. E. 771.

The verdict was thus sustained by sufficient evidence and was not contrary to law.

Specification No. 3 of appellant's motion for a new trial asserts error in the giving by the court of Instructions numbered 4, 6, 7 and 11 tendered by appellee. These instructions are generally concerned with the elements of proof required in an action in replevin. This specification does not state that these instructions were given over the specific objections of the appellant. While Rule 1-7 of the Indiana Supreme Court requires that specific objections be made to the giving of a particular instruction, it now

seems to be the settled law in Indiana that this rule does not require such specific objections to appear in the motion for a new trial. *Siebeking et al.* v. *Ford, Admx., etc.* (1957), 128 Ind. App. 475, 487, 148 N. E. 2d 194; *Cheek* v. *Jordan* (1960), 131 Ind. App. 127, 169 N. E. 2d 608, 613. It would seem proper, however, to state in the motion for a new trial that the instructions were given over specific objections thereto. *Cheek* v. *Jordan, supra.*

Instructions are expositions to the jury by the trial court of the principles of law applicable in the particular case, which it is bound to apply in such case, and the purpose of which is to advise the jury of the particular question or questions they are to determine and to guide them in the application of the correct principles of law to the facts before them. 28 I.L.E. Trial §151-152.

A careful examination of the instructions complained of leads us to the conclusion that when considered with all the other instructions given, as we must do, that in essence they were correct expositions of the applicable law and did not invade the province of the jury. Appellant further asserts that such instructions are mandatory and omit an essential fact. This, if true, could not be cured by supplying such omission from another instruction, and would require reversal. *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N. E. 2d 816. However, a scrutiny of these instructions does not force us to reach the same conclusion. We fail to find from the appellant's objection thereto wherein by the record he affirmatively shows prejudicial error.

The fourth specification in the motion for a new trial was that the court erred in refusing to give Defendant's

Instructions numbered 2, 5, 6, 7 and 8. Defendant's Instruction No. 2, which was to the effect that if the plaintiff failed to prove the material allegations in her complaint she could not recover, was properly refused since it was covered by other instructions which were given to the jury. The instructions must be read as a whole, and where instructions are merely repetitious it is not reversible error to refuse the same.

Defendant's Instructions numbered 5 and 6 are to the effect that this is an action between co-tenants, and as we have pointed out heretofore, such is not the case and therefore the instructions were properly refused.

Defendant's Instruction No. 7 was to the effect that if the appellant was a co-owner or co-tenant with the appellee, then the verdict should be for the appellant. The instruction was properly refused for the same reasons we have heretofore stated.

Defendant's Instruction No. 8 was an exposition to the jury of how they should consider interrogatories which were submitted by the appellant. However, the court refused to give the interrogatories and therefore it was also proper for the trial court to refuse this particular instruction.

Specification No. 5 in the motion for a new trial was that the court erred in refusing to submit Defendant's Interrogatories numbered 1 and 2. These interrogatories read as follows:

"1. Do you find that United States Series H Bonds Numbers D227655H and D293556H were purchased with the individual or separate funds or money of both Helen D. Ring and Walter Ring?"

"2. Do you find that Helen D. Ring and Walter Ring are the joint owners of said bonds or that

title to said bonds is in both Helen D. Ring and Walter Ring?"

The statute on interrogatories, being §2-2022 Burns' 1946 Replacement, authorizes the submission of interrogatories "upon particular questions of fact" within the issues. Both of the interrogatories here submitted are subject to the objection of being double and calling for more than a single issuable fact. Such interrogatories are not authorized by the statute, were improper, and the trial court was correct in not submitting same to the jury. *White* v. *Shircliff Industries, Inc.* (1954), 125 Ind. App. 14, 112 N. E. 2d 888; 28 I.L.E. Trial §356.

There being no reversible error, the judgment is therefore affirmed.

Judgment affirmed.

Ax, C. J., Cooper, J. and Myers, J. concur.

NOTE.—Reported in 174 N. E. 2d 58.